UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not Present  Not Present

**Proceedings:** **(In Chambers):**
**State of California's Amended Motion to Dismiss Plaintiff's First Amended Complaint** (filed December 13, 2010)

## I. INTRODUCTION

On November 16, 2010, plaintiff, proceeding *pro se*, filed a first amended complaint ("FAC") alleging fourteen federal and state claims for damages, declaratory relief, and accounting arising from the towing of his vehicles. Defendants are the City of Los Angeles (the "City"), the State of California (the "State"), Howard Sommers Towing, Inc. ("HS Towing"), Hollywood Tow Service, Inc. ("Hollywood Tow"), LDC Collection Systems, Inc. ("LDC"), Steve T., John X., Guevara, Officer Ciro Ochoa ("Officer Ochoa"), Detective Steven Ramirez ("Det. Ramirez"), and John Does 1-3. Plaintiff alleges claims for (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., against the City and LDC; (2) violation of the Fourth Amendment prohibition on unreasonable search and seizure pursuant to 42 U.S.C. § 1983, against the City, Doe No. 1, HS Towing, and Steve T.; (3) violation of due process pursuant to 42 U.S.C. § 1983, against the City; (4) violation of the Fourth Amendment prohibition on unreasonable search and seizure pursuant to 42 U.S.C. § 1983 against the City, Doe No. 1, Hollywood Tow, and Doe No. 2; (5) violation of due process pursuant to 42 U.S.C. § 1983, against the City; (6) unnecessary, excessive, and unconscionable towing charges against HS Towing; (7) retaliation against Hollywood Tow, the City, and Doe No. 1; (8) emotional distress pursuant to 18 U.S.C. § 1981 against Officer Ochoa; (9) unlawful seizure of property pursuant to 42 U.S.C. § 1983 against Officer Ochoa, Hollywood Tow, and Doe No. 3; (10) false arrest pursuant to 42 U.S.C. § 1983 against Officer Ochoa; (11) unlawful seizure of property pursuant to 42 U.S.C. § 1983 against Hollywood Tow, John

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL. | | |

X., and Det. Ramirez; (12) assault under color of law pursuant to 42 U.S.C. § 1983 against Det. Ramirez; (13) claim that California law is unconstitutional facially and as-applied; (14) claim for an accounting against Hollywood Tow.

On December 13, 2010 the State filed a motion to dismiss. On January 5, 2011, plaintiff filed an opposition, and on January 14, 2011, the State filed a reply memorandum.

## II. LEGAL STANDARD

A motion to dismiss an action pursuant to Fed. R. Civ. P. 12(b)(1) raises the question of the federal court's subject matter jurisdiction over the action. The objection presented by this motion is that the court has no authority to hear and decide the case. This defect may exist despite the formal sufficiency of the allegations in the complaint. See T.B. Harms Co. v. Eliscu, 226 F. Supp. 337, 338 (S.D. N.Y. 1964), aff'd 339 F.2d 823 (2d Cir. 1964) (the formal allegations must yield to the substance of the claim when a motion is filed to dismiss the complaint for lack of subject matter jurisdiction). When considering a Rule 12(b)(1) motion challenging the substance of jurisdictional allegations, the Court is not restricted to the face of the pleadings, but may review any evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988).

The burden of proof in a Rule 12(b)(1) motion is on the party asserting jurisdiction. See Sopcak v. N. Mountain Helicopter Serv., 52 F.3d 817, 818 (9th Cir. 1995); Ass'n of Am. Med. Coll. v. United States, 217 F.3d 770, 778-79 (9th Cir. 2000). If jurisdiction is based on a federal question, the pleader must show that he has alleged a claim under federal law and that the claim is not frivolous. See 5B CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE, § 1350, pp. 211, 231 (3d ed. 2004). On the other hand, if jurisdiction is based on diversity of citizenship, the pleader must show real and complete diversity, and also that his asserted claim exceeds the requisite jurisdictional amount of $75,000. See id.

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL. | | |

need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Allegations in a complaint . . . must be sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it," and "the allegations must be sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, No. 09-55233, 2011 WL 477094, *14 (9th Cir. Feb. 11, 2011). Requiring plausibility "does not impose a probability requirement at the pleading stage." Id. (quoting Twombly, 550 U.S. at 556); Fed. R. Civ. P. 8(a).

In considering a motion pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL. | | |

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

## III. DISCUSSION

Plaintiff's thirteenth claim seeks a declaration that California law is facially unconstitutional and unconstitutional as applied to plaintiff. The U.S. Supreme Court has interpreted the Eleventh Amendment to bar suits against a state by citizens of the state. See Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). Under Ex parte Young, however, suits in which a state officer is named as defendant are not precluded. See Idaho v. Couer d'Alene Tribe of Idaho, 521 U.S. 261, 269 (1997) (citing Ex parte Young, 209 U.S. 123 (1908)).

Defendant asserts that the claim against it is barred pursuant to Federal Rule of Civil Procedure 12(b)(1) because, as a state, it is immune from suit. Mot. at 6. In his opposition plaintiff concedes the defect, but requests leave of the Court to amend his complaint to name California's governor and attorney general. Opp'n at 14-15.

Defendant further argues that plaintiff's thirteenth claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6). Mot. at 7. Defendant asserts that the thirteenth claim fails to identify a specific law that is alleged to be unconstitutional. Id. In opposition plaintiff responds that the code section he challenges is in fact Cal. Veh. Code § 3072(c)(2). Plaintiff argues that § 3072(c)(2) is unconstitutional because § 3072(c)(2) provides no post-deprivation hearing. Opp'n at 16.

In reply defendant asserts two responses to plaintiff's claims. First, defendant argues that § 3072 is inapposite because it relates to hearings on recreational vehicle

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL. | | |

franchise disputes. More specifically, defendant claims § 3072 addresses the availability of hearings for dealers to protest the expansion or relocation of other recreational vehicle franchises, and that § 3072(c) does not relate to the impoundment of motor vehicles. Reply at 3-4. Finally, defendant claims § 3072(c) has no further subsection (2). Id. Defendant therefore asserts that plaintiff's claim should be dismissed for failure to identify a statute on which plaintiff's claim is based.

The Court concludes that plaintiff fails to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). First, the claim is against the State, which is immune from suits by its own citizens. Second, in his amended complaint plaintiff does not identify a statute upon which to base his claim, referring only to a statute allegedly applied by defendants. The statute plaintiff identifies in his opposition is either inapplicable to his circumstances or non-existent. Giving leave for plaintiff to amend to assert such a claim against a state officer would therefore be futile and "could not possibly cure the deficiency." See Schreiber Distrib. Co., 806 F.2d at 1401.

### IV. CONCLUSION

The Court GRANTS defendants' motion to dismiss with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |