UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:         Attorneys Present for Defendants:

Not Present                                              Not Present

**Proceedings:** **(In Chambers):**
**City of Los Angeles, Detective Steven Ramirez, and Officer Ciro Ochoa's Motion to Dismiss Plaintiff's First Amended Complaint** (filed January 6, 2011)

## I.   INTRODUCTION

On November 16, 2010, plaintiff, proceeding *pro se*, filed a first amended complaint ("FAC") alleging fourteen federal and state claims for damages, declaratory relief, and accounting arising from the towing of his vehicles. Defendants are the City of Los Angeles (the "City"), the State of California (the "State"), Howard Sommers Towing, Inc. ("HS Towing"), Hollywood Tow Service, Inc. ("Hollywood Tow"), LDC Collection Systems, Inc. ("LDC"), Steve T., John X., Guevara, Officer Ciro Ochoa ("Officer Ochoa"), Detective Steven Ramirez ("Det. Ramirez"), and John Does 1-3. Plaintiff alleges claims for (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., against the City and LDC; (2) violation of the Fourth Amendment prohibition on unreasonable search and seizure pursuant to 42 U.S.C. § 1983, against the City, Doe No. 1, HS Towing, and Steve T.; (3) violation of due process pursuant to 42 U.S.C. § 1983, against the City; (4) violation of the Fourth Amendment prohibition on unreasonable search and seizure pursuant to 42 U.S.C. § 1983 against the City, Doe No. 1, Hollywood Tow, and Doe No. 2; (5) violation of due process pursuant to 42 U.S.C. § 1983, against the City; (6) unnecessary, excessive, and unconscionable towing charges against HS Towing; (7) retaliation against Hollywood Tow, the City, and Doe No. 1; (8) emotional distress pursuant to 18 U.S.C. § 1981 against Officer Ochoa; (9) unlawful seizure of property pursuant to 42 U.S.C. § 1983 against Officer Ochoa, Hollywood Tow, and Doe No. 3; (10) false arrest pursuant to 42 U.S.C. § 1983 against Officer Ochoa; (11)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

unlawful seizure of property pursuant to 42 U.S.C. § 1983 against Hollywood Tow, John X., and Det. Ramirez; (12) assault under color of law pursuant to 42 U.S.C. § 1983 against Det. Ramirez; (13) claim that California law is unconstitutional facially and as-applied; (14) claim for an accounting against Hollywood Tow.

On January 6, 2011 defendants City of Los Angeles, Detective Steven Ramirez, and Officer Ciro Ochoa filed a motion to dismiss. On January 18, 2011, plaintiff filed an opposition to defendants' motion. On January 23, 2011, defendants filed a reply in support of their motion to dismiss.

## II.    LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Allegations in a complaint . . . must be sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it," and "the allegations must be sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, No. 09-55233, 2011 WL 477094, *14 (9th Cir. Feb. 11, 2011). Requiring plausibility "does not impose a probability requirement at the pleading stage." Id. (quoting Twombly, 550 U.S. at 556), Fed. R. Civ. P. 8(a); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) ("The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

In considering a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### III. DISCUSSION

#### A. Statute of Limitations and Res Judicata

Defendants assert that plaintiff's second, third, fourth, fifth, and seventh claims should be dismissed because they are either barred by the statute of limitations, the doctrines of claim and issue preclusion, or simply fail to state a claim under 42 U.S.C. § 1983.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

**1. Statute of Limitations**

Defendants first claim that the statute of limitations bars plaintiff from asserting his claims in this matter. Mot. at 4. The limitations period for claims which arise under 42 U.S.C. § 1983 is governed by the applicable state statute of limitations for personal injury claims. City of Rancho Palos Verdes v. Abrams, 544 U.S. 113, 124 (2005). Under California Civil Procedure Code § 335.1, the limitations period is two years. See Jones v. Blanas, 393 F.3d 918 (9th Cir. 2004).

Defendants assert that plaintiff's second, third, fourth, fifth, and seventh claims are time barred because each hinges on the July 17, 2008, towing of plaintiff's vehicles and that, as a result, any claims filed after July 17, 2010 are time-barred. Mot. at 4. Defendants argue plaintiff did not file a FAC until November 16, 2010—more than two years after the initial tow, and beyond the statute of limitations. Mot. at 4-5.

In opposition, plaintiff argues his third and fifth claims for violations of due process and seventh claim for retaliation do not arise at the time of the towing, but at an unspecified later date when the City allegedly failed to provide plaintiff with a post-deprivation hearing. Opp'n at 16, 18. Plaintiff further contends that his second and fourth claims, for unreasonable seizure of his vehicles, are not barred because he included these claims in his original complaint filed within the limitations period on July 19, 2010. Id. at 18. Plaintiff argues he has split his original fourth claim, for seizure of his "vehicles" and failure to provide post-deprivation hearings, into the second, third, fourth, and fifth FAC claims. Id. at 19.

In reply, defendants argue that plaintiff's second and fourth claims arise from the towing of his vehicles on July 17, 2008, and that the limitations period began running at that time because plaintiff knew, or should have known, about the need to file a claim. Reply at 2. Defendants also argue that plaintiff's FAC claims should not relate back to the claims in the original complaint because "[d]efendants had *no* notice of Plaintiff's claims until well after the statute of limitations had run. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

     The Court has considered the arguments and concludes as follows. First, although plaintiff did not serve defendants herein with notice of the original complaint within the 120 days of filing required by Federal Rule of Civil Procedure 4(m), on the 120th day of that period plaintiff did provide notice by serving his FAC on defendants on November 16, 2010. Plaintiff was not entitled to amend his complaint as a matter of course before serving it to defendants because he did not do so within the twenty-one days permitted by Federal Rule of Civil Procedure 15(a)(1)(A). However, because plaintiff could have requested leave from the Court to do so, the Court on its own motion grants leave for plaintiff's filing of the FAC. Fed. R. Civ. P. 15(a)(2). The conclusion that plaintiff timely filed the claims by filing his amended pleading ameliorates any concern that his second and fourth claims—for failure to provide post-deprivation hearings—are barred by the statute of limitations, as the alleged failure to provide post-deprivation hearings must have occurred within the time given by the Court for plaintiff to file the instant FAC. By filing and serving the FAC on November 16, 2010, therefore, plaintiff provided defendants timely notice of the claims within the limitations period.

     Second, plaintiff's FAC claims relate back to the original complaint because the FAC asserts claims that arose out of the conduct, transactions, or occurrences set out in the original pleading. See Fed. R. Civ. P. 15(c)(1)(B). Plaintiff's fourth claim in the original complaint references more than one vehicle seized by defendants on July 17, 2008, and failures to provide post-deprivation hearings as to those seizures. FAC at 12. As plaintiff's second, third, fourth, and fifth FAC claims relate to the alleged towing of two separate vehicles on July 17, 2008, and subsequent failure to provide post-deprivation hearings for those towings, the Court finds that these claims relate back to the fourth claim in the original complaint. Finally, plaintiff appears to assert that the retaliation alleged in plaintiff's seventh claim was carried out by the failures to hold post-deprivation hearings. Opp'n at 18. The Court therefore finds plaintiff's seventh FAC claim arises from the conduct attempted to be set out in the original complaint. The Court concludes that plaintiffs second, third, fourth, fifth, and seventh FAC claims are therefore not barred by the statute of limitations because they are timely and relate back to the original complaint.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

**2. Claim and Issue Preclusion**

Defendants also argue that plaintiff's second, third, fourth, fifth, and seventh claims should be dismissed because each is barred by either issue or claim preclusion. Mot. at 7.

**a. Claim Preclusion**

Defendants assert that plaintiff is barred from asserting his second, third, fourth, fifth, and seventh claims because they have previously been adjudicated on their merits within the meaning of claim and issue preclusion. Id. Defendants contend plaintiff previously filed two cases against the City and others, including B. Benedict Waters v. Juan Carlos Casas et al., Case No. 09-7696 CAS (AJW) (the "2009 case"). Defendants argue that at issue in the 2009 case were several claims arising from the July 17, 2008, towing of plaintiff's vehicle. Mot. at 7-8. The 2009 case ended in this Court's Order issued October 4, 2010 (the "October 4 Order"), granting summary judgment in favor of several defendants. Id. at 7. The City was earlier voluntarily dismissed from the action. Id.

Under the doctrine of claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in [a prior] action." Allen v. McCurry, 449 U.S. 90, 94 (1980). "Claim preclusion is a broad doctrine that bars bringing claims that were previously litigated as well as some claims that were never before adjudicated." Clements v. Airport Auth. of Washoe County, 69 F.3d 321, 327 (9th Cir. 1995). Claim preclusion is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) the same parties or their privies. Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1404 (9th Cir. 2003), Tahoe-Sierra Preservation Council, Inc. v. Tahoe Regional Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003) (quoting Stratosphere Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1143 n.3 (9th Cir. 2002)).

"The fact that res judicata depends on an 'identity of claims' does not mean that an imaginative attorney may avoid preclusion by attaching a different legal label to an issue that has, or could have, been litigated." Id. at 1077-78. Instead, "[i]dentity of claims exists when two suits arise from 'the same transactional nucleus of facts.'" Stratosphere

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

Litig. L.L.C. v. Grand Casinos, Inc., 298 F.3d 1137, 1143 n.3 (9th Cir. 2002) (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 714 (9th Cir. 2001). "Newly articulated claims based on the same nucleus of facts may still be subject to a res judicata finding if the claims could have been brought in the earlier action." Tahoe-Sierra, 322 F.3d at 1078.

Defendants argue that plaintiff's second, third, fourth, fifth, and seventh claims arise from the July 17, 2008, towing at issue here, just as plaintiff's claims in the 2009 case arose from the July 17, 2008, towing. Mot. at 7. Accordingly, defendants argue the claims are precluded. Id. In opposition, plaintiff responds that "[t]he parties, of course, are not the same," and "[t]he claims are, of course, not the same." Opp'n at 22. Plaintiff thus appears to argue that the legal theories which form the bases of plaintiff's claims in the instant case are different than those which form the bases of those asserted in the 2009 case, and so the claims asserted in each case are different.

The Court has considered the parties' arguments and concludes as follows. First, plaintiff's second and third claim arise from the towing of a vehicle not at issue in the 2009 case (California license plate number 2EUA051). However, in the 2009 case, plaintiff asserted thirteen claims, against parties including defendant Hollywood Tow, for violations of several federal and state laws, and there is an identity of claims between plaintiff's fourth and seventh claims here and the claims plaintiff raised and adjudicated in the 2009 case. Among plaintiff's allegations were allegations that defendants Hollywood Tow and the City conspired to target and extort money from plaintiff by towing his vehicles— including the towing of plaintiff's 1978 Chevrolet (License No. 058UVB) on July 17, 2008 ("058UVB"). Decl. of Santiago Tejeda in Supp. of Pl.'s Mot. for Summ. J. at ¶ 8, 09-CV-7696 CAS (AJWx). Plaintiff's first amended complaint in the 2009 case (the "2009 FAC") indicated that the "operative facts" included the "involuntary towing, **impound** and involuntary storage of" 058UVB. 2009 FAC at 74 (emphasis in original). Here, plaintiff's fourth claim is for the alleged unreasonable seizure of 058UVB on July 17, 2008.[1] FAC at 7. Plaintiff's fifth claim asserts the City

---

[1] Two ranges of paragraphs in plaintiff's FAC are numbered 26-33. Therefore, where plaintiff incorporates paragraphs 27 and 28 into his fifth claim, the Court construes the plaintiff to refer to those paragraphs so numbered in plaintiff's fourth claim. Further,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

has violated plaintiff's due process right by failing to provide plaintiff with a post-deprivation hearing for the towing. Id. at 8. Plaintiff's seventh claim asserts a claim for retaliation, alleging the City and others have towed plaintiff's vehicle and refused to provide the post-deprivation hearing in retaliation for plaintiff's prior exercise of his First Amendment right by seeking redress in court. Id. at 9. Because the towing of 058UVB is the central event giving rise to plaintiff's claims in the 2009 case and the unreasonable seizure, due process, and retaliation claims asserted here, the Court concludes that plaintiff's fourth, fifth, and seventh claims arise out of the same transactional nucleus of facts and therefore share an "identity of claims" for the purposes of claim preclusion. See Nordhorn, 9 F.3d at 1404.

Further, the Court concludes that although the City was voluntarily dismissed from the 2009 case before final adjudication, the City was in privity with defendant Hollywood Tow in that action. For the purposes of claim preclusion, privity "is a legal conclusion designating a [party] so identified in interest with a party to former litigation that [it] represents precisely the same right in respect to the subject matter involved." In re Schimmels, 127 F.3d 875, 881 (9th Cir. 1997) (citation omitted). "'Privity' has been found where there is a 'substantial identity' between the party and nonparty." Id. (quoting United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir. 1980)). The Court concludes that there is "substantial identity" between the City and one defendant which remained in the 2009 case—Hollywood Tow. As plaintiff acknowledged with respect to his civil conspiracy claim in his first amended complaint in the 2009 case, "Defendant **City** continued its contractual relation with **Hollywood Tow** . . . and knowingly refus[ed] to exercise its supervisory authority over **Hollywood Tow** . . . . Said continuation allowed **Hollywood Tow** to continue to act under color of state law and in furtherance of the conspiracy." FAC at 78 (emphasis in original). Therefore, although the City was dismissed from the 2009 case, there was substantial identity between the City and remaining defendant Hollywood Tow by virtue of their contractual relationship, under the authority of which Hollywood Tow towed vehicles on behalf of the City. Therefore, the Court finds that the City was in privity with a party to the 2009 case.

---

where plaintiff incorporates paragraphs 17-28 into his seventh claim, the Court construes the plaintiff to refer to those paragraphs so numbered in plaintiff's second, third, and fourth claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

Based on the foregoing, the Court concludes that plaintiff is not barred by the doctrine of claim preclusion from asserting plaintiff's second and third claims, but is barred from asserting plaintiff's fourth, fifth, and seventh claims against defendants. Plaintiff's fourth, fifth, and seventh claims are dismissed with prejudice.

  **b.**  **Issue Preclusion**

As to issue preclusion, the doctrine bars "the re-litigation of an issue that has been *actually* litigated and *necessarily* decided." Clements v. Airport Auth., 69 F.3d 321, 330 (9th Cir. 1995) (emphasis in original). Defensive use of nonmutual issue preclusion involves a defendant attempting to preclude a plaintiff from relitigating an issue that the plaintiff previously litigated unsuccessfully against a different party. State of Idaho Potato Comm'n v. G & T Terminal Packaging, Inc., 425 F.3d 708, 714 (9th Cir. 2005). Claim preclusion "attaches only '[w]hen an issue of fact or law is actually litigated and determined by a valid and final judgment, and the determination is essential to the judgment.'" Amadeo v. Principal Mut. Life Ins. Co., 290 F.3d 1152, 1159 (9th Cir. 2002) (citing Arizona v. California, 530 U.S. 392, 414 (2000)).

Defendants argue that "the propriety of the July 17, 2008 vehicle tow [was] actually litigated and determined by a final judgment" in the 2009 case. Mot. at 7. Plaintiff further argues that the summary judgment motion decided in the 2009 case did not raise any issue with respect to the July 17, 2008, towing of his vehicle. Opp'n at 21. In reply, defendants contend that "similar rights and factual circumstances are at issue in each of Plaintiff's actions," and that the propriety of the July 17, 2008 tow was necessarily at issue in the 2009 case. Reply at 5. Defendants argue that, to the extent there is a difference between this case and the 2009 case, it may be only a "technical difference." Id.

The Court concludes that the propriety of the July 17, 2008, tow was not amongst the issues litigated and decided in the 2009 case. See generally October 4 Order. In the 2009 case, this Court decided only that plaintiff as a matter of law could not state a claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq, or the FDCPA, and that plaintiff failed to raise a question of fact with respect to his civil conspiracy claim and other claims. Id. The occurrence of the July 17, 2008, and other tows have formed the factual nucleus of the claims plaintiff has asserted here and in the 2009 case; however,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

the issue of the propriety of the tow has neither been litigated before nor decided by this Court. The Court therefore finds the doctrine of issue preclusion does not bar the instant claims against defendants.

### B. First Claim—Violation of the Fair Debt Collections Practices Act

Plaintiff's first claim asserts a claim for relief under the FDCPA, 15 U.S.C. § 1692. In their motion to dismiss, defendants argue that plaintiff cannot sustain a claim under the FDCPA because an unpaid parking ticket, like a towing debt, is not a "debt" for the purposes of the FDCPA because the unpaid parking ticket is not a consensual transaction. Mot. at 3. Defendants relies for this proposition on Turner v. Cook, 362 F.3d 1219 (9th Cir. 2004). Id. at 3. In opposition plaintiff also relies on Turner to assert that he "consented to the obligation to pay parking tickets," and that the parking ticket thereby comes under the FDCPA's purview. Opp'n at 14. Plaintiff also compares the unpaid parking ticket to a dishonored check, which plaintiff maintains falls under the FDCPA. Id. at 13-14 (citing Charles v. Lundgren & Assoc., 119 F.3d 739 (9th Cir. 1997). Defendant responds that "the mere use of the word 'consented . . . does not render a parking ticket a consensual transaction within the meaning of the FDCPA. In fact, it cannot be a consensual transaction, for a parking ticket does not involve a business dealing or consumer transaction." Reply at 1 (citing Turner, 362 F.3d at 1228).

As was clear in this Court's October 4 order in the 2009 case, the "law in this circuit is that for purposes of the FDCPA debt is incurred when a consumer engages in a consensual transaction: the FDCPA limits its reach to those obligations to pay arising from consensual transactions, where parties negotiate or contract for consumer-related goods or services." October 4 Order at 10 (citing Yazo v. Law Enforcement Sys., 2008 U.S. Dist. LEXIS 93345 at *5 (C.D. Cal. Nov. 7, 2008 ), citing Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1326 (7th Cir. 1997); see also Turner, 362 F. 3d at 1227). Plaintiff's argument that he consented to the obligation to pay parking tickets is unavailing because the issuance of a parking ticket itself was not a consensual arrangement, irrespective of whether plaintiff subsequently 'consented' to the obligation to pay the ticket. Plaintiff's first claim should therefore be dismissed.

In light of the fact that this Court has now twice ruled that plaintiff's towing debts do not fall under the FDCPA because such debts cannot be considered consensual, "the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

[C]ourt determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency" here. See Schreiber Distrib. Co., 806 F.2d at 1401 (9th Cir. 1986). Plaintiff's first claim is therefore dismissed with prejudice.

### C. Second and Third Claims—§ 1983 Claims

Plaintiff's second and third claims are grounded in the alleged seizure of plaintiff's vehicles on July 17, 2008. FAC 5-9. Defendants assert that these claims fail to state a § 1983 claim. In order to sustain an action under § 1983, the plaintiff must show: (1) that the conduct complained of was committed under color of state law, and (2) this conduct deprived the claimant of a constitutional right. Citizen's Ass'n of Portland v. Int'l Raceways, Inc., 833 F.2d 760, 761 (9th Cir.1987). A municipality such as the City is not liable for a violation of constitutional rights committed by its employee unless the employee's conduct is directly attributable to the municipality's policy or custom. See Monell v. Dep't. of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978).

#### 1. Second Claim—Unreasonable Seizure

Plaintiff's second claim asserts the City violated the Fourth Amendment's prohibition against unreasonable seizures by towing or, in plaintiff's terms, "seiz[ing]" plaintiff's vehicle. FAC at 5. In doing so, plaintiff contends the City's actions "trespass[ed]" the community caretaker doctrine. Id. This Court previously discussed the community caretaker doctrine at length with respect to the towing of another of plaintiff's vehicles by Hollywood Tow. See Report and Recommendation of Magistrate Judge dated July 27, 2010, at 21-26, CV 07-7568 CAS (AJW) (recognizing that under their caretaking functions the authority of police "to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience is beyond challenge") (quoting Miranda v. City of Cornelius, 429 F.3d 858, 864 (9th Cir. 2005)).

Defendants assert that plaintiff fails to allege any specific facts regarding the circumstances of the alleged seizure of his vehicle that support a § 1983 claim. Mot. at 6. Further, defendants argue that plaintiff does not allege a violation of a constitutional right, and does not allege a custom, policy, or practice with respect to the violation of a constitutional right. Id. at 6. Moreover, defendants contend that California Vehicle Code § 22651, the law under which plaintiff alleges defendants acted, allows a peace officer to remove a vehicle pursuant to it's community caretaker function. Id. at 6-7. With that in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

mind, defendants contend that plaintiff fails to allege any facts which would support plaintiff's allegation that defendants trespassed the community caretaker doctrine. Id. at 7.

In his opposition plaintiff contends that his claims as pleaded are sufficient. Opp'n at 23-24. Plaintiff cites a number of cases in arguing that this Court should be "particularly liberal" in construing plaintiff's claims because plaintiff is proceeding *pro se*. Opp'n at 24. Plaintiff argues that the Ninth Circuit "has a rule of liberal construction of pleadings presented by *pro se* litigants," and that "[f]ederal courts are particularly liberal in construing "*inartful pleading*" by parties appearing *pro se*. Id. at 24 (citing Alvarez v. Hill, 518 F.3d 1152 (9th Cir. 2008) and Erickson v. Pardus, 551 U.S. 89 (2007)). Plaintiff further argues that the 9th Circuit interprets the requirement of plausibility as set forth in Twombly in two ways: first, a claim does not meet the plausibility requirement if on its fact there appears some legal impediment to the claim, such as a statute of limitations problem. Id. at 11. Second, plaintiff asserts a claim does meet the plausibility requirement if the facial allegations of the complaint, if proven, would establish liability or a violation of the law. Id.

In interpreting Erickson, Iqbal, and Twombly, the Ninth Circuit recently held that "allegations in a complaint . . . must be *sufficiently detailed* to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it." Starr, 2011 WL 477094 at * 13 (emphasis added). As noted above, in Starr the Ninth Circuit further held that "the allegations must be sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery. Id. Here, the full extent of plaintiff's factual allegations with respect plaintiff's second claim is that defendants "seized" plaintiff's vehicle on July 17, 2008. FAC at 5. Plaintiff asserts the seizure was unreasonable, lacked probable cause, and violated the community caretaker doctrine, but alleges no facts which would plausibly suggest the seizure was beyond the broad scope of the community caretaker doctrine. See id. The facts as currently pleaded do not allow the inference that defendants violated their broad community caretaker powers to remove vehicles from the street. See Miranda, 429 F.3d at 864. Plaintiff's assertions are no more than legal conclusions not entitled to the presumption of truth. See Iqbal, 129 S. Ct. at 1951. Plaintiff's complaint must be sufficiently detailed such that the claim that defendants violated the community caretaker doctrine is plausible. Plaintiff's second claim is therefore dismissed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

### 2. Third Claim—Due Process

Plaintiff's third claim asserts that the City violated plaintiff's due process rights by failing to provide plaintiff with a post-tow hearing within the period required to do so. FAC at 6-8. "Loss of the use and enjoyment of a car deprives the owner of a property interest that may be taken from him only in accordance with the Due Process Clause." Stypmann v. City & County of San Francisco, 557 F.2d 1338, 1342 (9th Cir. 1977). "The essence of due process is the requirement that a person in jeopardy of serious loss [be given] notice of the case against him and opportunity to meet it." Mathews v. Eldridge, 424 U.S. 319, 348 (1976) (internal quotation marks omitted) (alteration in original). Thus, due process requires that the government provide notice and some kind of hearing before final deprivation of a property interest. See Logan v. Zimmerman Brush Co., 455 U.S. 422, 433 (1982) ("[I]t has become a truism that ' some form of hearing' is required before the owner is finally deprived of a protected property interest.") (citation omitted) (emphasis in original). The opportunity to be heard must be given "at a meaningful time and in a meaningful manner." Armstrong v. Manzo, 380 U.S. 545, 552 (1965).

Plaintiff alleges he requested a hearing after the towing of his vehicle, but that defendant has not yet afforded him one. FAC at 6-7. Defendants do not meet these allegations with anything beyond asserting generally that plaintiff has failed to state a § 1983 claim. Although bare, the facts as alleged by the plaintiff allow the inference that defendants have unlawfully failed to provide a post-deprivation hearing. Although defendants may yet meet these allegations, here they are sufficient to survive a 12(b)(6) motion to dismiss.

### D. Eighth, Ninth, Tenth, Eleventh, and Twelfth Claims—§ 1983 Claims

Plaintiff's eighth, ninth, tenth, eleventh, and twelfth claims each relate to a November 24, 2008 traffic stop and tow of another of plaintiff's vehicles. Plaintiff alleges Officer Ochoa pulled him over as a result of racial profiling because "Plaintiff [is] African American[, and] Ochoa is something else." FAC at 9. Plaintiff alleges Officer Ochoa then caused Hollywood Tow to tow his vehicle solely on account of plaintiff's race. Id. After Hollywood Tow arrived to tow the vehicle, Officer Ochoa, Doe No. 3, and Hollywood Tow took plaintiff's car key. Plaintiff alleges he then removed items from the vehicle and, as he walked down the street, commented that he intended to file a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

complaint with the Los Angeles Police Commission. Id. at 9-10. Plaintiff alleges that, upon hearing this, Officer Ochoa arrested him. Id. at 10.

Plaintiff alleges he later traveled to Hollywood Tow to collect remaining property, and there on demand turned over his drivers license to defendant John X. while plaintiff retrieved property from the vehicle. Id. at 11. Plaintiff then discovered the key in the car's ignition, and refused to give the key to John X. John X. allegedly then refused to return plaintiff's drivers license and ordered plaintiff from the premises. Id. Plaintiff alleges John X. later delivered the license to Det. Ramirez, who also refused to return it to plaintiff. FAC at 11-12.

In their motion defendants make only a general argument with respect to these allegations. See Mot. at 8-9. Defendants argue plaintiff has not alleged facts demonstrating that a right secured to plaintiff by the Constitution has been violated, and that the facts as alleged do not suggest how the alleged conduct of defendants was beyond the community caretaker doctrine discussed above. Id.

### 1. Eighth Claim—Racial Profiling

Plaintiff's eight claim asserts that Officer Ochoa stopped plaintiff and caused plaintiff's vehicle to be towed solely on account of plaintiff's race. FAC at 9. Plaintiff alleges these actions violated 18 U.S.C. § 1981. FAC at 9. However, no such statute exists in the United States Code. In keeping with plaintiff's other claims, it may be that plaintiff intended to state a claim under 42 U.S.C. § 1981. Plaintiff may amend his complaint to do so. As currently pleaded, plaintiff's eighth claim fails to state a claim upon which relief may be granted and is dismissed.

### 2. Ninth Claim and Eleventh Claims—Unreasonable Seizure

In his ninth and eleventh claims plaintiff asserts defendants deprived him of his Fourth Amendment right by seizing his vehicle key and driver's license. Under the Fourth Amendment, a seizure results if "there is some meaningful interference with an individual's possessory interests in [his or her] property." Soldal v. Cook County, 506

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

U.S. 56, 61 (1992).  The government's interference with an individual's possessory interests in property must be reasonable under the circumstances.  Id. at 63.

     Plaintiff's ninth claim asserts Officer Ochoa, John Doe 3, and Hollywood Tow "seized" plaintiff's car key in violation of the Fourth Amendment's prohibition against unreasonable seizures.  FAC at 9.  Plaintiff does not allege whom of the three individuals retained his single key.  Even assuming Officer Ochoa initially took plaintiff's key, however, plaintiff's FAC indicates that Hollywood Tow retained it because plaintiff "discovered the key in the ignition" when he later traveled to Hollywood Tow to recover property from the vehicle.  Id. at 11.  This Court previously recognized that, pursuant to a possessory lien created by California Vehicle Code § 22851, after towing it is lawful for a towing company to retain a vehicle key.  See Report and Recommendation of Magistrate Judge at 30 (July 27, 2010), CV 07-7568 CAS (AJWx).  That Officer Ochoa may have temporarily retained plaintiff's vehicle key to effectuate a valid lien renders implausible plaintiff's claim the alleged seizure rose to the level of a constitutional violation.  See Citizen's Ass'n of Portland,  833 F.2d at 761 (holding that to sustain an action under § 1983 a plaintiff must show conduct which deprived him of a constitutional right), Starr, 2011 WL 477094 at *14 (holding a plaintiff's allegations must be sufficiently plausible).  Plaintiff's ninth claim is therefore dismissed.

     In his eleventh claim plaintiff asserts a claim for unreasonable seizure under the Fourth Amendment against Det. Ramirez.  Plaintiff asserts that after he discovered the key to his car in the ignition at Hollywood Tow, he refused to return it John X.  FAC at 11.  In return, John X. refused to return plaintiff's drivers license.  Id.  Det. Ramirez eventually came into possession of plaintiff's license, and, in refusing to return the license when plaintiff later traveled to the police station to retrieve it, "aided and abetted" the alleged seizure.  Id. at 11-12.  Plaintiff eventually had to obtain another license at a cost of $55.  Id. at 12.

     With respect to these specific allegations, defendants make only a general argument that plaintiff fails to state a § 1983 claim.  See Mot. at 8-9.  This leaves the Court with only the inference that Det. Ramirez, a state actor, interfered with plaintiff's possessory interest in his driver's license.  The Court therefore finds that plaintiff's eleventh claim should not be dismissed as against Det. Ramirez.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

### 3.     Tenth Claim—Retaliation and False Arrest

Plaintiff's tenth claim asserts a § 1983 claim against Officer Ochoa with allegations of First and Fourth Amendment predicate violations. To state a § 1983 claim for retaliation under the First Amendment, plaintiff must plead and prove that (1) defendants took action that would chill or silence a person or ordinary firmness from future First Amendment activities, and (2) defendants' desire to cause the chilling effect was the but-for cause of the alleged retaliatory action. Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900-01 (9th Cir. 2008). Here, plaintiff asserts that Officer Ochoa arrested him "solely in response to Plaintiff's stated intent to complain to the Police Commission" and, therefore, "in retaliation for Plaintiff's exercise of his freedom of expression." FAC at 10. These facts permit an inference that Officer Ochoa arrested plaintiff in order to chill plaintiff's speech, and that an arrest would silence a person of ordinary firmness. Plaintiff's First Amendment retaliation claim therefore states a claim upon which relief may be granted.

A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment, provided the arrest was without probable cause or other justification. Dubner v. City and County of San Francisco, 266 F.3d 959, 964-65 (9th Cir. 2001). Plaintiff may state a claim "simply by showing that the arrest was conducted without a valid warrant. At that point, the burden shifts to the defendant to provide some evidence that the arresting officers had probable cause for a warrantless arrest. The plaintiff still has the ultimate burden of proof, but the burden of production falls on the defendant." Id. at 965. Beyond a general assertion that plaintiff's tenth claim does not state a claim under § 1983, defendants' motion does not address why plaintiff's claim is insufficient. Plaintiff alleges that after Officer Ochoa ordered his car to be towed, plaintiff removed personal belongings from his vehicle and began walking away from the scene and Officer Ochoa. FAC at 10. At that point, plaintiff asserts that he commented that he intended to file a complaint with the Los Angeles Police Commission, "whereupon Ochoa promptly arrested Plaintiff solely in response to Plaintiff's stated intent . . . ." Id. at 10. These facts support an inference that Officer Ochoa arrested plaintiff without probable cause. See Dubner, 266 F.3d at 964-65. Plaintiff has thus stated a claim for false arrest under the Fourth Amendment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | April 11, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

### 4. Twelfth Claim—Assault

Plaintiff's twelfth claim asserts a claim against Det. Ramirez for "assault under color of state authority." FAC 12. Defendants' motion does not address why this claim is insufficient beyond a general assertion that plaintiff does not state a § 1983 claim. To state a § 1983 claim plaintiff must allege a violation of a constitutional right. Citizen's Ass'n of Portland, 833 F.2d at 761. Plaintiff's twelfth claim does not allege Det. Ramirez violated any constitutional right. See FAC at 12-13. Therefore, plaintiff's twelfth claim is dismissed.

The Court concludes plaintiff has stated a claim with respect to plaintiff's tenth and eleventh claims. Plaintiff's eight, ninth, and twelfth claims, however, fail to state a claim, and are dismissed.

## IV. CONCLUSION

Based on the foregoing the Court GRANTS defendants' motion to dismiss with respect plaintiff's first, second, fourth, fifth, seventh, eighth, ninth, and twelfth claims, and DENIES defendants' motion to dismiss with respect to plaintiff's third, tenth, and eleventh claims. Plaintiff's first, fourth, fifth, and seventh claims are dismissed with prejudice. Plaintiff shall file a second amended complaint curing the defects noted as to all other claims herein within **twenty (20) days** after the filing of this order. Plaintiff is admonished that, in the event he does not amend the complaint within **twenty (20) days**, the Court will dismiss this action with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |