UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | Not Present | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(In Chambers):**
**CITY OF LOS ANGELES, DETECTIVE STEVEN RAMIREZ, AND OFFICER CIRO OCHOA'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** (filed May, 16, 2011)

**HOLLYWOOD TOW, INC., JOHN X., HOWARD SOMMERS TOWING, INC., AND STEVE T.'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT** (filed June 6, 2011)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I. INTRODUCTION

On November 16, 2010, plaintiff, proceeding *pro se*, filed a first amended complaint ("FAC") alleging fourteen federal and state claims for damages, declaratory relief, and accounting arising from the towing of his vehicles. Defendants are the City of Los Angeles (the "City"), the State of California (the "State"), Howard Sommers Towing, Inc. ("HS Towing"), Hollywood Tow Service, Inc. ("Hollywood Tow"), LDC Collection Systems, Inc. ("LDC"), Steve T., John X., Guevara, Officer Ciro Ochoa ("Officer Ochoa"), Detective Steven Ramirez ("Det. Ramirez"), and John Does 1-3.

On April 11, 2011, the Court denied defendants' motion to dismiss the FAC with respect to plaintiff's third, tenth and eleventh claims, dismissed the first, fourth, fifth and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

seventh claims with prejudice, and dismissed the second, eighth, ninth, and twelfth claims without prejudice, giving the plaintiff 20 days to amend his complaint.

On May 2, 2011, plaintiff filed his second amended complaint ("SAC'). On May 16, 2011 defendants filed their motion to dismiss plaintiff's SAC. On May 31, 2011, plaintiff filed his opposition to defendant's motion to dismiss as well as plaintiff's request for judicial notice. On June 6, 2001, defendants filed their reply in support of their motion to dismiss and to strike portions of plaintiff's second amended complaint as well as its objections to plaintiff's request for judicial notice. On June 16, 2011 plaintiff filed his reply to objections to plaintiff's request for judicial notice.

Plaintiff SAC alleges claims for (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., against the City and LDC; (2) violation of the Fourth Amendment prohibition on unreasonable search and seizure pursuant to 42 U.S.C. § 1983, against the City, Doe No. 1, HS Towing, and Steve T.; (3) violation of due process pursuant to 42 U.S.C. § 1983, against the City; (4) violation of the Fourth Amendment prohibition on unreasonable search and seizure pursuant to 42 U.S.C. § 1983 against the City, Doe No. 1, Hollywood Tow, and Doe No. 2; (5) violation of due process pursuant to 42 U.S.C. § 1983, against the City; (6) Detinue, Trespass to Chattel and Wrongful detention againstHS Towing; (7) retaliation against Hollywood Tow, the City, and Doe No. 1; (8) emotional distress pursuant to 18 U.S.C. § 1981 against Officer Ochoa; (9) unlawful seizure of property pursuant to 42 U.S.C. § 1983 against Officer Ochoa, Hollywood Tow, and Doe No. 3; (10) false arrest pursuant to 42 U.S.C. § 1983 against Officer Ochoa; (11) unlawful seizure of property pursuant to 42 U.S.C. § 1983 against Hollywood Tow, John X., and Det. Ramirez; (12) assault under color of law pursuant to 42 U.S.C. § 1983 against Det. Ramirez; (13) claim that California law is unconstitutional facially and as-applied; (14) claim for an accounting against Hollywood Tow.[1]

---

[1] With respect to plaintiff's first, fourth, fifth, seventh, thirteenth and fourteenth claims, the Court has previously dismissed these claims with prejudice. The phrase "dismissal with prejudice" is interchangeable with "final judgment on the merits." Stewart v. U.S. Bancorp, 953, 956 (9th Cir. 2002). What this means, in essence, is not, as plaintiff contends, that defendants "need not respond," it means that the claims have been dismissed and cannot be raised again by plaintiff in this Court. Plaintiff's third claim was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

## III. LEGAL STANDARD

### A. Motion to Dismiss

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Allegations in a complaint . . . must be sufficiently detailed to give fair notice to the opposing party of the nature of the claim so that the party may effectively defend against it," and "the allegations must be sufficiently plausible that it is not unfair to require the opposing party to be subjected to the expense of discovery." Starr v. Baca, No. 09-55233, 2011 WL 477094, *14 (9th Cir. Feb. 11, 2011). Requiring plausibility "does not impose a probability requirement at the pleading stage." Id. (quoting Twombly, 550 U.S. at 556), Fed. R. Civ. P. 8(a); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009) ("The plausibility standard is not akin to the 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.").

In considering a motion pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). However, a court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form

---

not dismissed and is not addressed in the motions currently before the Court. SAC ¶ 34. Although the Court also did not dismiss the tenth and eleventh claims, as plaintiff alleges new facts pertinent to these claims and defendants have moved to dismiss them, the Court readdresses these claims below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

of factual allegations. Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pac. Police Dept., 901 F.2d 696, 699 (9th Cir. 1990). Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6). United States v. Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

### B.     Motion to Strike

A motion to strike material from a pleading is made pursuant to Fed. R. Civ. P. 12(f). Under Fed. R. Civ. P. 12(f), the Court may strike from a pleading any "insufficient defense" or any material that is "redundant, immaterial, impertinent or scandalous." A Fed. R. Civ. P. 12(f) motion is not a motion to dismiss for failure to state a claim upon which relief may be granted, and, where not involving a purportedly insufficient defense, simply tests whether a pleading contains inappropriate material. The Court may also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

strike under Fed. R. Civ. P. 12(f) a prayer for relief which is not available as a matter of law. Tapley v. Lockwood Green Eng'rs, 502 F.2d 559, 560 (8th Cir. 1974). The essential function of a Fed. R. Civ. P. 12(f) motion is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994). Because of "the limited importance of pleadings in federal practice," motions to strike pursuant to Fed. R. Civ. P. 12(f) are disfavored. Bureerong v. Uvawas, 922 F. Supp. 1450, 1478 (C.D. Cal. 1996).

## III. DISCUSSION

### A. Plaintiff's Second and Sixth Claims

Plaintiff's second and sixth claims involve the towing of two of plaintiff's vehicles on July 17, 2008. SAC ¶ 20. Plaintiff alleges that between March 19, 2008 and July 17, 2008, his cars received multiple parking tickets. However although the tickets were for leaving a vehicle in the same spot for more than 72 hours, plaintiff contends his cars were never parked in the same spot for 72 hours. Id. Additionally, plaintiff alleges that his timely requests for post-deprivation hearings went unanswered and that on or about February 17, 2010, he spoke on the phone with defendant Robinson who informed him that he "had been warned" and that "she had ordered Vehicle No. 1 and Vehicle No. 2 impounded solely in retaliation for plaintiff's prior complaints to and about her department and as a consequence of Plaintiff having sued the city of Los Angeles and her personally." Id. ¶ 23. Additionally, plaintiff alleges that when he retrieved his first vehicle from the lot to which it had been towed, he was forced to pay an exorbitant fee before he regained possession of his vehicle. With respect to the second vehicle, plaintiff alleges that he wrote defendant Hollywood Tow "demanding the return of Vehicle No. 2," but did not receive a response and learned on September 13, 2008 that the car had been sold at auction. Id. ¶ 35.

#### 1. Plaintiff's Second Claim

Plaintiff's second claim is brought pursuant to 42 U.S.C. § 1983 and is predicated on a violation of the Fourth Amendment. Plaintiff alleges that the City violated the Fourth Amendment's prohibition against unreasonable seizures by towing or, in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

plaintiff's terms, "seiz[ing]" plaintiff's vehicle without "any lawful reason or probable cause." SAC ¶ 20. In doing so, plaintiff contends the City's actions "trespass[ed]" the community caretaker doctrine. Id. Additionally, plaintiff alleges that when his car was towed, defendants did so "without any threat of or actually impeding traffic, without any need for community convenience or public safety." SAC ¶ 32. Furthermore, plaintiff alleges that his car was not illegally parked and therefore should not have been ticketed or towed. SAC ¶ 12.

Defendants assert that plaintiff's SAC still fails to allege any specific facts regarding the circumstances of the alleged seizure of his vehicle that support a § 1983 claim. Further, defendants argue that plaintiff's allegations are conclusory and fail to allege a violation of a constitutional right, or that defendants have violated the community caretaker doctrine. Additionally, defendants assert that plaintiff fails to offer any facts that the city or that defendant Rita Robinson have a "vendetta against [plaintiff]" and proffer that "indeed the opposite would appear in this case." Moreover, defendants contend that California Vehicle Code § 22651, the law under which plaintiff alleges defendants acted, allows a peace officer to remove a vehicle pursuant to its community caretaker function. Reply at 6.

In order to sustain an action under § 1983, the plaintiff must show: (1) that the conduct complained of was committed under color of state law, and (2) this conduct deprived the claimant of a constitutional right. Citizen's Ass'n of Portland v. Int'l Raceways, Inc., 833 F.2d 760, 761 (9th Cir.1987). A municipality such as the City is not liable for a violation of constitutional rights committed by its employee unless the employee's conduct is directly attributable to the municipality's policy or custom. See Monell v. Dep't. of Soc. Servs. of N.Y., 436 U.S. 658, 691 (1978). Here, plaintiff asserts that the July 17, 2008 "seizure" of his vehicles was unreasonable, lacked probable cause, and violated the community caretaker doctrine, in that the car was never illegally parked, and was not parked in a way that would impact other traffic. SAC ¶ 5-6. However, as previously discussed by this Court, "[t]he reasonableness of an impoundment under the community caretaking doctrine function does not depend on whether the officer had probable cause to believe that there was a traffic violation, but on whether the impoundment fits within the 'authority of policy to seize and remove from the streets vehicles impeding traffic or threatening public safety and convenience.'" Miranda, 429 F.3d at 864 (quoting Opperman, 428 U.S. at 369). Furthermore, as the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

Court explained at length in Report and Recommendation of Magistrate Judge dated July 27, 2010, at 21-26, CV 07-7568 CAS (AJW), "the impoundment of plaintiff's car from a public street following the issuance of a parking citation. . .falls squarely within the scope of the community caretaking doctrine and was therefore lawful for section 1983 purposes." As plaintiff has failed to establish that defendants have acted outside the scope of the caretaking doctrine, the Court finds that there has been no violation of plaintiff's Fourth Amendment rights. Since plaintiff has had ample opportunities to amend his complaint, but has still not alleged a claim upon which relief can be granted, the Court dismisses plaintiff's second claim with prejudice.

### 2. Plaintiff's Sixth Claim

In his sixth claim, plaintiff alleges defendant HS Towing neglected to tow his car to the nearest garage which, plaintiff argues, is a violation of Cal. Veh. Code § 22850. Plaintiff asserts that the nearest garage was located at 1015 North Mansfield Avenue, but that his car was taken to a lot located at 7252 Deering Avenue. Additionally, plaintiff contends that defendant HS Towing refused to release the car to plaintiff unless plaintiff paid six hundred-four dollars ($604). Plaintiff alleges that the fee is unreasonable and therefore defendant is "liable to [p]laintiff for detinue, trespass to chattel and detention." SAC ¶ 35.

Defendants contend that plaintiff has failed to state a claim for detinue, trespass to chattel or wrongful detention. Further, they argue that plaintiff's reliance on Cal. Veh. Code § 22850 is misplaced, as it allows tow companies discretion as to where to take impounded vehicles.[2] Defendants contend that "certain garages are designated for the

---

[2]The section 22850 states, "Whenever an officer or employee removes a vehicle from a highway, or from public or private property, unless otherwise provided, he shall take the vehicle to the nearest garage or other place of safety *or to a garage designated or maintained by the governmental agency of which the officer or employee is a member, where the vehicle is placed in storage.*" Cal. Veh. Code § 22850 (emphasis added). The Court finds that the statute allows a towing company discretion as to where to take towed vehicles rather than requiring it take vehicles to the closest tow yard. Therefore, defendants did not violate Cal. Veh. Code § 22850 by electing to take the vehicle to a tow

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

storage of vehicles with a gross vehicle weight over 10,000 pounds" and "[p]laintiff's 'Vehicle No. 1' was towed to a designated garage based upon its weight." Mot. at 10. Additionally, defendants argue that if anything, plaintiff's sixth claim is based solely on state law or common law causes of action and therefore, there is "no basis for federal jurisdiction." Mot. at 10.

The Court finds that the plaintiff has failed to state a claim for detinue, trespass to chattel or wrongful detention. "Detinue is an action for the recovery of specific personal property unlawfully detained by the defendant . . ." 1 Am. Jur. 2d Actions § 23. Trespass to chattel involves the wrongful taking of another's property and a wrongful detention occurs when property has been unlawfully retained. Black's Law Dictionary, Ninth Ed. Here, defendants did not unlawfully detain plaintiff's vehicle; in fact, it appears based on plaintiff's SAC that defendant returned the vehicle to plaintiff immediately upon plaintiff paying the fee. SAC ¶ 36. Therefore, plaintiff's only allegations appear to be that defendants towed his car to an inconvenient lot and that he was charged what he perceives to be an exorbitant fee to retrieve his car. As these allegations are insufficient to support a claim of detinue, trespass to chattel or wrongful detention, the Court dismisses plaintiff's sixth claim with prejudice.

### B.   Plaintiff's Eighth, Ninth, Tenth, Eleventh, and Twelfth Claims

Plaintiff's eighth, ninth, tenth, eleventh, and twelfth claims stem from a November 24, 2008 traffic stop and towing of another of plaintiff's vehicles. Plaintiff alleges that he received a ticket for driving with a broken taillight and an expired registration from defendant officer Ochoa, and that his car was ultimately towed by defendant Hollywood Tow. SAC ¶ 38. Plaintiff contends that his taillight was not broken, but rather that Officer Ochoa pulled him over as a result of racial profiling because "[p]laintiff [is] African American[, and] Ochoa is something else." Id. Plaintiff alleges Officer Ochoa then caused Hollywood Tow to tow plaintiff's vehicle "solely on account of plaintiff's race." Id. After Hollywood Tow arrived to tow the vehicle, Officer Ochoa, Doe No. 3, and Hollywood Tow allegedly took plaintiff's car key. Plaintiff alleges he then removed items from the vehicle and, as he walked down the street, commented that he intended to

---

yard that was further away.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

file a complaint with the Los Angeles Police Commission. Id. ¶ 47. Plaintiff alleges that, upon hearing this, Officer Ochoa pulled out his gun and told defendant to remain where he was. Plaintiff alleges that he remained in the same place for 10-15 minutes and that this amounted to a false arrest. Id. ¶ 48.

Plaintiff contends that on December 18, 2008, he attempted to retrieve his belongings from his vehicle which was impounded at Hollywood Tow. SAC at 49. Plaintiff alleges that in order to collect his belongings from the vehicle, Hollywood Tow's employee made him surrender his license. Id. While retrieving his personal belongings from the vehicle, plaintiff alleges that he noticed that the quarters had been stolen from ashtray and that the vehicle's key was in the ignition. Id. Plaintiff contends that he removed the key from the vehicle. Id. He further contends that defendant Hollywood Tow refused to return his license unless he gave them back the key as it was their company policy to retain all the keys of all impounded vehicles. Id.

Plaintiff alleges that following the incident with the towing company, he went to the Hollywood Division of the Los Angeles Police Department to file a police report. Plaintiff contends that he was locked in a room with defendant Det. Ramirez who later "formulated a plan" with defendant Hollywood Tow whereby defendant Ramirez took possession of plaintiff's license and "booked [it] into evidence." SAC ¶ 50-51. Additionally, plaintiff alleges that Det. Ramirez threw the California Vehicle Code book at him, which resulted in an injury.

Defendants argue plaintiff has not alleged facts demonstrating that a right secured to plaintiff by the Constitution has been violated, and that the facts as alleged do not suggest how the alleged conduct of defendants was beyond the community caretaker doctrine discussed above. Mot. at 8-9.

### 1. Plaintiff's Eighth Claim

Plaintiff's eighth claim asserts that Officer Ochoa stopped plaintiff and caused plaintiff's vehicle to be towed solely on account of plaintiff's race. SAC ¶ 40. Plaintiff asserts a § 1983 claim against Officer Ochoa alleging his actions violated 18 U.S.C. § 1981 as well as the Equal Protection Clause of the Fourteenth Amendment. Id. at ¶ 41 Plaintiff contends that his taillight was not broken and that there were "not safety

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

equipment failures on [p]laintiff's vehicle." Id. at ¶ 40. As previously stated by the Court, there is no such statute as 18 U.S.C. § 1981. However, plaintiff also asserts a violation of the Fourteenth Amendment as the constitutional basis for his § 1983 claim alleging that his taillight was never broken and that there could have been no other reason for his car to be pulled over that day other than racial profiling. The facts as alleged by plaintiff permit an inference that plaintiff's Fourteenth Amendment rights were violated and might be more properly addressed when there is a more complete factual record. Therefore, the court denies defendant's motion to dismiss with respect to the eighth claim.

### 2. Plaintiff's Ninth Claim and Eleventh Claims

In his ninth and eleventh claims plaintiff asserts defendants deprived him of his Fourth Amendment rights by seizing his vehicle key and driver's license. Under the Fourth Amendment, a seizure results if "there is some meaningful interference with an individual's possessory interests in [his or her] property." Soldal v. Cook County, 506 U.S. 56, 61 (1992). The government's interference with an individual's possessory interests in property must be reasonable under the circumstances. Id. at 63.

Plaintiff's ninth claim asserts Officer Ochoa, John Doe 3, and Hollywood Tow "seized" plaintiff's car key in violation of the Fourth Amendment's prohibition against unreasonable seizures. Plaintiff alleges that Officer Ochoa retained the key while he waited for the tow truck to arrive. Plaintiff further alleges that when the tow truck arrived, Officer Ochoa handed John Doe 3 the key. Plaintiff further contends that John Doe 3 informed him it was his company's policy to retain the keys to cars that they towed. SAC ¶ 41-45.

As the Court has previously stated, it was lawful for Officer Ochoa to temporarily retain plaintiff's vehicle key to effectuate a valid lien. April 11, 2011 Order at 13. Therefore, plaintiff's claim alleging Officer Ochoa violated his Fourth Amendment rights is implausible. See Citizen's Ass'n of Portland v. International Raceway Inc., 833 F.2d 760, 761 (1987) (holding that to sustain an action under § 1983 a plaintiff must show conduct which deprived him of a constitutional right), Starr, 2011 WL 477094 at *14 (holding a plaintiff's allegations must be sufficiently plausible). Furthermore, the Court previously recognized that, pursuant to a possessory lien created by California

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

Vehicle Code § 22851, after towing it is lawful for a towing company to retain a vehicle key. See Report and Recommendation of Magistrate Judge at 30 (July 27, 2010), CV 07-7568 CAS (AJWx). The Court finds that plaintiff has not sufficiently amended his complaint to establish anything to the contrary. Therefore, plaintiff's ninth claim is dismissed with prejudice.

In his eleventh claim plaintiff asserts a claim for unreasonable seizure under the Fourth Amendment against defendant Hollywood Tow and Det. Ramirez. Plaintiff asserts that in order to obtain his belongings from his impounded vehicle, he was required to give the tow yard his license and "plaintiff relinquished his drivers in return for being allowed to collect his property." SAC ¶ 49. After he discovered the key to his car in the ignition at Hollywood Tow, he refused to return it to John X. Id. In return, John X. refused to return plaintiff's drivers license. Id. Plaintiff alleges that on or about December 19, 2008 Det. Ramirez came into possession of plaintiff's license directly from Hollywood Tow, but without plaintiff's permission. Id. at ¶ 51. Plaintiff eventually had to obtain another license at a cost of $55. Id. at ¶ 52.

Defendants contend that there was no Fourth Amendment violation because plaintiff "relinquished [his license] voluntarily so he could go to his vehicle." Mot. at 7. Additionally, defendants argue that it is permissible under state law for a tow yard to retain the key to an impounded vehicle, and therefore, they had no obligation to return plaintiff's license when he refused to relinquish the key. Id. at 6-7. Furthermore, defendants contend that Det. Ramirez "likewise, did not seize [p]laintiff's property in any way. He took possession of a license that had been voluntarily given to the tow yard." Id. As such, defendants argue that "[t]his cannot rise to the level of a Fourth Amendment violations or Section 1983 claim as no unlawful seizure occurred." Id.

Plaintiff voluntarily gave his license to John X., who retained it when plaintiff refused to relinquish the key that defendants were lawfully allowed to retain. "The Fourth Amendment protects people against 'seizures,' to say, government action seizing them." United States v. Nasser, 479 F.3d 1166, 1170 (9th Cir. 2007). "Tangible property is seized when a police officer exercises control over the property *by removing it from an individual's possession*." United States v. Hall, 978 F.2d 616, 619 (10th Cir. 1992) (citing United States v. Place 462 U.S. 696, 707-708 (1983)) (emphasis added). Additionally, when an individual consents to relinquish his person or property, there is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

no Fourth Amendment "seizure." United States v. Mendenhall, 446 U.S. 544 (1980). A private company's decision to retain possession of an item voluntarily given to it does not rise to the level of a constitutional violation. Det. Ramirez also did not seize plaintiff's license, as it was voluntarily given to the tow yard. Additionally, it does not appear that plaintiff made any effort to retrieve his license from Det. Ramirez or the Hollywood Police Station on or after December 19, 2011, which is the date plaintiff alleges the police department took possession of it. As there is no constitutional violation, and since plaintiff has had ample opportunities to amend his complaint, the Court dismisses plaintiff's eleventh claim with prejudice.

### 3. Plaintiff's Tenth Claim

Plaintiff's tenth claim asserts a claim pursuant to § 1983 against Officer Ochoa with allegations of First and Fourth Amendment predicate violations. Plaintiff alleges that in response to plaintiff "express[ing] over his shoulder and to Ochoa, his intent to complain to the Los Angeles Police Commission about Ochoa's conduct," Ochoa drew his gun and "ordered plaintiff to halt [and] remain where he was." SAC at 48. Plaintiff alleges that he remained standing on the sidewalk for approximately 10-15 minutes. Id. However, plaintiff also alleges that he was not actually arrested; "Ochoa's supervisor. . . then arrived. Plaintiff asked if he was under arrest. The supervisor answered, 'No.' Plaintiff walked off." SAC ¶ 48.

Defendants argue that plaintiff was not actually arrested; "at most [plaintiff] alleges that he was ordered to remain where he was for a few minutes until Officer Ochoa's supervisor arrived, who then advised [p]laintiff he was not under arrest..." Mot. at 6. (Internal quotations omitted). Further defendants contend that plaintiff does not allege any facts to support a claim under the First or Fourth Amendments or that defendants took action that would "chill or silence a person of ordinary firmness from future First Amendment activities." Id.

A § 1983 claim under the Fourth Amendment need not rise to the level of an arrest, but rather can be predicated on an unlawful seizure. Graham v. Connor, 490 U.S. 386, 396 (1989). "A person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." United States v. Mendenhall, 446 U.S. 544, 553 (1980). Furthermore, "whenever an officer restrains freedom of a person

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

to walk away, he has seized that person." Tennessee v. Garner, 471 U.S. 1, 7 (1985). Here, plaintiff alleges that as he walked away, defendant pointed a gun at him and instructed him not to move in retaliation for remarks plaintiff made. These facts support an inference that Officer Ochoa 'seized' plaintiff without probable cause. Plaintiff has thus stated a claim for a violation of his Fourth Amendment rights.

To state a § 1983 claim for retaliation under the First Amendment, plaintiff must plead and prove that (1) defendants took action that would chill or silence a person or ordinary firmness from future First Amendment activities, and (2) defendants' desire to cause the chilling effect was the but-for cause of the alleged retaliatory action. Dietrich v. John Ascuaga's Nugget, 548 F.3d 892, 900-01 (9th Cir. 2008). The facts alleged permit an inference that Officer Ochoa's actions were done in order to chill plaintiff's speech, and it is plausible that an arrest or unlawful seizure would silence a person of ordinary firmness from future First Amendment activities. Therefore, the Court denies defendant's motion to dismiss plaintiff's tenth claim.

### 4. Plaintiff's Twelfth Claim

Plaintiff's twelfth claim asserts a claim against Det. Ramirez for "assault under color of state authority." SAC ¶ 53. Plaintiff alleges that Det. Ramirez became agitated with him and "deliberately threw a California Vehicle Code book at Plaintiff forcefully striking Plaintiff" and that "[t]he blow from the book . . . caused a contusion." SAC at 55. Plaintiff further contends that defendant Det. Ramirez threw the book at plaintiff's head on account of plaintiff's race, and therefore, defendant's act of throwing the book at him violated plaintiff's First, Fourth and Fourteenth Amendment rights as well as 18 U.S.C. § 242.

Defendants contend that plaintiff's allegations with regard to race are neither sufficiently detailed nor plausible. Mot. at 3. Furthermore, defendants allege that while Det. Ramirez's alleged actions if proven "would certainly not be deemed kind, it was also not show that a right secured by the Constitution or laws of the United States was violated." Mot. at 3.

18 U.S.C. § 242, is a criminal statute and cannot provide the basis for civil liability. Levai v. Law, 235 Fed.Appx. 684 (9th Cir. 2007). Therefore, a § 1983 claim

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

cannot be grounded in a violation of this statute. Furthermore, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although plaintiff has amended his complaint to include the terms First, Fourth and Fourteenth Amendment, he fails to submit any facts to establish that Det. Ramirez's actions were based on defendant's race, that defendant committed an unlawful search or seizure or that defendant's actions were intended to chill speech. As plaintiff has only provided labels and conclusion, the Court must dismiss plaintiff's twelfth claim with prejudice.

The Court concludes plaintiff's ninth, eleventh and twelfth claims fail to state a claim, and are dismissed with prejudice.

### B. Motion to Strike

Defendants argue that the allegations found in paragraphs 6-31, 33, 34-56, 94-116, 130-134 and 154-182 should be stricken as they include references to conduct occurring outside of the statute of limitations, conduct in other jurisdictions that lack relevance to plaintiff's case and, all of the allegations are "by definition, immaterial and impertinent, and in some circumstances, scandalous." Mot. at 8. Specifically the paragraphs refer to the California Public Records Act (¶ 42), plaintiff passing his driving test in 1966 (¶ 101), the City of Bell (¶ 160) and a pornography video involving City employees who are not parties to this case (¶ 168). Defendants argue that the allegations "only serve ignoble and prejudicial ends" and "[t]here is no legitimate reason the Defendants herein should be put to answer such allegations." Mot. at 8. Plaintiff did not address the motion to strike.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P 12(f). "[T]he function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial...'Immaterial' matter is that which has no essential or important relationship to the claim for relief or the defenses being pleaded . . .'Impertinent' matter consists of

| | | | |
|---|---|---|---|
| Case No. | CV 10-5296 CAS (AJWx) | Date | June 30, 2011 |
| Title | B. BENEDICT WATERS v. HOWARD SOMMERS TOWING, INC., ET AL. | | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

statements that do not pertain, and are not necessary, to the issues in question." <u>Fantasy, Inc. v. Fogerty,</u> F.2d 1524, 1527 (9th Cir. 1993)(internal citations omitted.). The Court finds that the above mentioned paragraphs are immaterial and impertinent to the instant action. As such, the Court grants the defendants' motion to strike.

**IV.    CONCLUSION**

Based on the foregoing the Court GRANTS defendants' motion to dismiss with respect plaintiff's second, sixth, ninth, eleventh and twelfth claims, and DENIES defendants' motion to dismiss with respect to plaintiff's eighth and tenth claims.[3]

IT IS SO ORDERED.

|  |  |
|---|---|
|  | 00  :  00 |
| Initials of Preparer | CMJ |

---

[3] Plaintiff makes four requests for judicial notice: (1) the ruling in <u>B. Benedict Waters v. Hollywood Tow Service, Inc., et al</u>, CV 07-7568 CAS (AJWx) that "[i]f Hollywood Tow's official policy or custom caused its employees to commit a constitutional violation can it be held labile under section 1983 [sic];" (2) that the Court judicially notice § 22851(b) of the California Vehicle Code; (3) that "2009 November 24 was a Tuesday and a normal business day," and (4) that the "official policy of Defendant Hollywood tow [sic] Service, Inc. is to seize, whenever possible, the vehicular keys to vehicles it tows and/or impounds in cooperation with Defendant City of Los Angeles." Plaintiff's Request for Judicial Notice at 2-3. The Court denies plaintiff's first, second and fourth requests for judicial notice. The Court finds that it is proper to take judicial notice of the fact that November 24, 2009 was a Tuesday, but does not find that fact relevant to its analysis.