UNITED STATES DISTRICT COURT                      "O"
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-5296 CAS (AJWx) | Date | August 9, 2012 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SUMMERS TOWING, INC.; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(In Chambers:) PLAINTIFF'S MOTIONS FOR REVIEW OF MAGISTRATE'S ORDERS** (filed: 3/21/2012)

**DEFENDANT ROBINSON'S MOTION FOR JUDGMENT ON THE PLEADINGS** (filed: 7/6/2012)

## I.    INTRODUCTION

The Court finds these motions appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

On November 16, 2010, pro se plaintiff B. Benedict Waters filed a first amended complaint ("FAC") against the City of Los Angeles, the State of California, Howard Sommers Towing, Inc., Hollywood Tow Service, Inc., LDC Collection Systems, Inc., Steve T., John X., Guevara, Officer Ciro Ochoa, and Detective Steven Ramirez alleging fourteen federal and state claims for damages, declaratory relief, and accounting arising from the towing of his vehicles.

On April 11, 2011, the Court denied defendants' motion to dismiss the FAC with respect to plaintiff's third, tenth and eleventh claims. The Court dismissed the first, fourth, fifth and seventh claims with prejudice, and dismissed the second, eighth, ninth, and twelfth claims without prejudice. Dkt. No. 77.

On May 2, 2011, plaintiff filed a second amended complaint ("SAC") alleging fourteen claims for relief: (1) violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., against the City and LDC; (2) violation of the Fourth

UNITED STATES DISTRICT COURT        "O"
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | August 9, 2012 |
|----------|----------------------|------|----------------|
| Title | B. BENEDICT WATERS v. HOWARD SUMMERS TOWING, INC.; ET AL. | | |

Amendment prohibition on unreasonable search and seizure pursuant to 42 U.S.C. § 1983, against the City, Doe No. 1, HS Towing, and Steve T.; (3) violation of due process pursuant to 42 U.S.C. § 1983, against the City; (4) violation of the Fourth Amendment prohibition on unreasonable search and seizure pursuant to 42 U.S.C. § 1983 against the City, Doe No. 1, Hollywood Tow, and Doe No. 2; (5) violation of due process pursuant to 42 U.S.C. § 1983, against the City; (6) Detinue, Trespass to Chattel, and Wrongful detention against HS Towing; (7) retaliation against Hollywood Tow, the City, and Doe No. 1; (8) emotional distress pursuant to 18 U.S.C. § 1981 against Officer Ochoa; (9) unlawful seizure of property pursuant to 42 U.S.C. § 1983 against Officer Ochoa, Hollywood Tow, and Doe No. 3; (10) false arrest pursuant to 42 U.S.C. § 1983 against Officer Ochoa; (11) unlawful seizure of property pursuant to 42 U.S.C. § 1983 against Hollywood Tow, John X., and Det. Ramirez; (12) assault under color of law pursuant to 42 U.S.C. § 1983 against Det. Ramirez; (13) claim that California law is unconstitutional facially and as-applied; (14) claim for an accounting against Hollywood Tow.[1]

On May 16, 2011, defendants filed a motion to dismiss the SAC.  Dkt. No. 88.  On June 30, 2011, the Court granted defendants' motion to dismiss with respect plaintiff's second, sixth, ninth, eleventh and twelfth claims, and denied defendants' motion to dismiss with respect to plaintiff's eighth and tenth claims.  Dkt. No. 97.

On March 7, 2012, plaintiff filed a motion to compel further responses to his requests for admission contemporaneously with a motion for sanctions against the Office of the City Attorney and Gabriel Dermer.  Dkt. No. 134; Dkt. No. 135.  On the same day, Magistrate Judge Wistrich denied plaintiff's motion to compel as moot in light of defendant's service of supplemental responses to the challenged requests for admission, and denied plaintiff's motion for sanctions for lack of merit.  Dkt. No. 131; Dkt. No. 132.

On March 21, 2012, plaintiff filed two motions for a review of Magistrate Judge Wistrich's orders.  Dkt. No. 139; Dkt. No. 141.  Defendants filed an opposition on April 23, 2012.  Dkt. No. 143.  Plaintiff did not file a reply.

---

[1] With respect to plaintiff's first, fourth, fifth, and seventh claims, the Court had previously dismissed those claims with prejudice.  See Dkt. No. 77.

UNITED STATES DISTRICT COURT                    "O"
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | August 9, 2012 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SUMMERS TOWING, INC.; ET AL. | | |

On July 6, 2012, defendant Rita Robinson ("Robinson") filed a motion for judgment on the pleadings as to plaintiff's third claim for violation of due process pursuant to 42 U.S.C. § 1983, and filed a notice of non-opposition on July 23, 2012.  Dkt. No. 145; Dkt. No. 148.

After considering the parties' arguments, the Court finds and concludes as follows.

## II.   LEGAL STANDARD

### A.   Federal Rule of Civil Procedure 72

Pursuant to Fed. R. Civ. P. 72(a), a party may file objections to a magistrate judge's non-dispositive order within fourteen days.  The party shall file a motion for review by the "assigned District Judge, designating the specific portions of the ruling objected to and stating the grounds for the objection."  Local Rule 72-2.1.  The Court must consider timely objections and modify or set aside any part of the order that is "clearly erroneous or is contrary to law."  Fed. R. Civ. P. 72(a); see also 28 U.S.C. § 636(b)(1)(A).

### B.   Federal Rule of Civil Procedure 12

A motion for judgment on the pleadings brought pursuant to Fed. R. Civ. P. 12(c) provides a means of disposing of cases when all material allegations of fact are admitted in the pleadings and only questions of law remain.  See McGann v. Ernst & Young, 102 F.3d 390, 392 (9th Cir. 1996).  In considering a Rule 12(c) motion, the district court must view the facts presented in the pleadings and the inferences to be drawn from them in the light most favorable to the nonmoving party.  NL Indus. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986); In re Century 21-Re/Max Real Estate Adver. Claims Litig., 882 F. Supp. 915, 921 (C.D. Cal. 1994).  For purposes of the motion, the moving party concedes the accuracy of the factual allegations of the complaint, but does not admit other assertions that constitute conclusions of law or matters that would not be admissible in evidence at trial.  5C Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, FEDERAL PRACTICE AND PROCEDURE § 1368 (3d ed. 2004).

UNITED STATES DISTRICT COURT          "O"
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-5296 CAS (AJWx) | Date | August 9, 2012 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SUMMERS TOWING, INC.; ET AL. | | |

## III.  DISCUSSION

### A.  Plaintiff's Motion for Review of Magistrate's Denial of Discovery

Plaintiff asserts that Magistrate Judge Wistrich erred in denying plaintiff's motion to compel discovery on the grounds that: (1) Magistrate Judge Wistrich acted out of racial and ethnic bias; (2) there is no factual basis supporting Magistrate Judge Wistrich's decision; and (3) the discovery dispute was not moot as a matter of law.  Dkt. No. 141 at 4–8.  Plaintiff further objects to the conclusory nature of Magistrate Judge Wistrich's order.  Id. at 8.

In opposition, defendants contend that they provided supplemental discovery responses that comply with Federal Rule of Civil Procedure 36, and that plaintiff did not meet and confer with defense counsel regarding the supplemental responses.  Dkt. No. 143 at 2.

As an initial matter, plaintiff's original motion challenged certain responses to the requests for admission.  See Dkt. No.134.  Magistrate Judge Wistrich denied the motion as moot in light of defendant's service of supplemental responses.  Dkt. No. 131.  However, it appears that plaintiff was challenging the supplemental responses themselves.  Although plaintiff's motion may not have been moot, the Court finds that, for an independent reason, plaintiff's motion was properly denied.  "Requests for admission to which defendants ultimately responded with either an admission or denial will not be deemed admitted solely because of defendants initial improper responses."  A.Farber & Partners, Inc. V. Garber, 237 F.R.D. 250, 255 (C.D. Cal. 2006).  Here, defendant provided supplemental responses that included objections permitted by Federal Rule of Civil Procedure 36, and then responded with substantive responses to plaintiff's requests.  See Dkt. No. 141 Exh. A ("Supplemental Reply to Admission No. 7: Defendant objects to this request on the grounds that it is vague and ambiguous.  Without waiving this . . . [d]efendant responds as follows: Deny.").  Thus, plaintiff's motion was without

UNITED STATES DISTRICT COURT                    "O"
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | CV 10-5296 CAS (AJWx) | Date | August 9, 2012 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SUMMERS TOWING, INC.; ET AL. | | |

merit, and Magistrate Judge Wistrich properly denied it.  Accordingly, the Court DENIES plaintiff's motion challenging Magistrate Judge Wistrich's order.[2]

### B.    Plaintiff's Motion for Review of Magistrate's Denial of Sanctions

Plaintiff asserts that Magistrate Judge Wistrich erred in denying plaintiff's motion for sanctions on the grounds that: (1) Magistrate Judge Wistrich acted out of racial and ethnic bias; (2) Magistrate Judge Wistrich lacked jurisdiction; and (3) the motion was meritorious.  Dkt. No. 139 at 4–6.  Plaintiff further objects to the conclusory nature of Magistrate Judge Wistrich's order.  Id. at 6.

In opposition, defendants' counsel argues that he has never refused to personally meet with plaintiff, nor has he refused to meet and confer with plaintiff.  Dkt. No. 143 at 2.  Accordingly, defendants' counsel contends that Magistrate Judge Wistrich's decision was properly decided on the merits.  Id.

The Court agrees that plaintiff's motion for sanctions lacks merit.  Under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as harassment.  Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996).  Whether to impose sanctions is within the Court's sound discretion.  Fed. R. Civ. P. 11(c).  Here, plaintiff's original motion requested sanctions against defendants' counsel for violations of Federal Rule of Civil Procedure 26(f), and Local Rules 7–3, 37–1, and 37–2.2.  See Dkt. No. 135.  Such alleged violations do not amount to frivolous, legally unreasonable, or baseless filings, and therefore do not warrant sanctions.  Moreover, there is no evidence that defendants failed to comply with any prior court orders.  Accordingly, the Court DENIES plaintiff's motion.

---

[2] Plaintiff's reliance on Walker v. Lakewood Condo. Owners Ass'n, 186 F.R.D. 584, 587 (C.D. Call. 1999) is misguided.  There, the Court held that boilerplate or generalized objections are "tantamount to not making an objection at all" when the "objections are interposed instead of answers."  Id. at 586–587.  Here, defendants did not provide objections instead of answers; rather, they provided both objections and answers.  Accordingly, the Court rejects plaintiff's argument.

UNITED STATES DISTRICT COURT                    "O"
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | August 9, 2012 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SUMMERS TOWING, INC.; ET AL. | | |

### C.    Defendant Robinson's Motion for Judgment on the Pleadings

Defendant Robinson argues that it is duplicative to name both the City and Robinson as separate defendants in plaintiff's third claim for violation of due process pursuant to 42 U.S.C. § 1983. Dkt. No. 145 at 4. Specifically, Robinson argues that when both a municipal officer and a local government entity are named in a lawsuit, and the officer is named in an official capacity only, the claim against the officer is equivalent to a claim against the entity, and therefore is duplicative. Id. (citing Kentucky v. Graham, 473 U.S. 159, 165–66 (1985); Ctr. For Bio-Ethical Reform, Inc. v. Los Angeles County Sheriff's Dept., 533 F.3d 780, 799 (9th Cir. 2008)). Plaintiff has not filed an opposition to this motion. Accordingly, the Court grants defendant Robinson's motion. L.R. 7-12 (failure to file an opposition may be deemed consent to the granting of a motion).

Moreover, Robinson's assertions are legally correct. "When both a municipal officer and a local government entity are named, and the officer is named only in an official capacity, the court may dismiss the officer as a redundant defendant." Ctr. For Bio-Ethical Reform, Inc., 533 F.3d at 700. (citing Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991)). Here, plaintiff asserts a claim against Robinson only in her official capacity as the General Manager of the City's Department of Transportation. See SAC ¶¶ 217–218 ("Defendant City, pursuant to its above policies, and Defendant Rita Robinson, pursuant to her final decision-making authority as General Manager of Defendant City's Department of Transportation, willfully, knowingly and intentionally refused and failed to provide Plaintiff a post-deprivation hearing."). Accordingly, Robinson is a "redundant" defendant, and should be dismissed. Ctr. For Bio-Ethical Reform, Inc., 533 F.3d at 700.

## IV.    CONCLUSION

In accordance with the foregoing, the Court hereby DENIES plaintiff's motion to compel further responses to requests for admission. The Court DENIES plaintiff's motion for sanctions.

UNITED STATES DISTRICT COURT        "O"
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | August 9, 2012 |
|---|---|---|---|
| Title | B. BENEDICT WATERS v. HOWARD SUMMERS TOWING, INC.; ET AL. | | |

       The Court GRANTS defendant Robinson's motion for judgment on the pleadings as to plaintiff's third claim for relief.  Defendant Robinson is hereby DISMISSED.

       IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |