UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | January 10, 2013 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| CATHERINE JEANG | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| n/a | n/a |

**Proceedings:** (In Chambers:) DEFENDANT CIRO OCHOA'S MOTION FOR PARTIAL SUMMARY ADJUDICATION (Docket #164, filed November 2, 2012)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15.

## I. INTRODUCTION

Plaintiff filed the instant action in this Court on July 19, 2010. Although plaintiff's complaint originally named several defendants, the only remaining parties in this case are the City of Los Angeles and Los Angeles Police Officer Ciro Ochoa ("Ochoa"). A jury trial is set to begin on February 12, 2013.

On November 2, 2012, defendant Ochoa moved for partial summary adjudication. Plaintiff filed an opposition on November 16, 2012, and defendant replied on November 19, 2012. After considering the parties arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

Summary judgment is appropriate where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or more essential elements of each claim upon which the moving party seeks judgment. See Celotex Corp.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | January 10, 2013 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC. ET AL. | | |

v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party meets its initial burden, the opposing party must then set out specific facts showing a genuine issue for trial in order to defeat the motion. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); see also Fed. R. Civ. P. 56(c), (e).  The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit."  Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex, 477 U.S. at 324.  Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial."  Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir. 1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law.  See T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 631 & n.3 (9th Cir. 1987).  When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir. 1997).  Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

### III. DISCUSSION

Two claims for relief pursuant to 42 U.S.C. § 1983 remain against Ochoa: (1) a claim alleging that Ochoa conducted a traffic stop and ordered plaintiff's vehicle impounded because of plaintiff's race,[1] and (2) a claim that Ochoa ordered plaintiff to

---

[1] Although plaintiff's claim is pled under "18 U.S.C. § 1981," in the Court's June 30, 2011 order denying defendant's motion to dismiss, the Court interpreted this claim as a claim brought pursuant to § 1983 for violation of the Fourteenth Amendment.  See Dkt. 97 at 9 – 10.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | January 10, 2013 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC. ET AL. | | |

remain at the scene of the traffic stop at gunpoint after plaintiff stated that he was going to file a personnel complaint against Ochoa.  Ochoa moves for summary adjuciation only with regard to the first claim.

The facts underlying this claim are in dispute.  According to defendant, plaintiff was pulled over because his vehicle had a broken tail light and was not registered.  Ochoa Decl. ¶¶ 3 – 4.  Defendant states that he did not know plaintiff's race when he made the decision to conduct the traffic stop.  Ochoa Decl. ¶ 11.  During the stop, Ochoa cited plaintiff for a malfunctioning tail light and invalid registration, and at the conclusion of the stop Ochoa advised plaintiff that his car would be impounded because it had not been registered in over six months.  Ochoa Decl. ¶¶ 8, 10.  Ochoa states that none of the actions during the course of the stop were motivated by bias.  Ochoa Decl. ¶ 11.

According to plaintiff, Ochoa saw plaintiff in his car prior to conducting the traffic stop, and hence noticed his race.  Waters Decl. ¶ 2.  Additionally, during the stop, plaintiff claims that Ochoa referred to plaintiff using racial epithets, and that plaintiff's expired registration was a pretextual reason for Ochoa's decision to conduct the traffic stop and impound his vehicle.  Waters Decl. ¶¶ 17, 19, 32.

It appears to the Court that there are disputed issues of fact regarding why plaintiff's vehicle was stopped and why plaintiff's vehicle was impounded, and these disputes preclude a grant of summary adjudication.  Consequently, defendant's motion for partial summary adjudication is DENIED.

IT IS SO ORDERED.