UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (PJWx) | Date | May 21, 2013 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:              Attorneys Present for Defendants

Not Present                                                    Not Present

**Proceedings:**   (IN CHAMBERS):  PLAINTIFF'S MOTION FOR A NEW TRIAL

## I.   INTRODUCTION & BACKGROUND

Plaintiff filed the instant action in this Court on July 19, 2010, and following several pretrial motions, the only claims remaining in this case are claims under 42 U.S.C. § 1983 against Officer Ciro Ochoa ("Ochoa") of the Los Angeles Police Department. The Court held a jury trial on plaintiff's claims beginning on April 30, 2013, and on May 7, 2013, the jury returned a special verdict. Dkt. #258. The verdict found against plaintiff with respect to all of his claims, with the exception of plaintiff's claim that Ochoa unlawfully conducted a pat-down search of plaintiff after subjecting plaintiff to a traffic stop. Id. Regarding the latter claim, the jury was unable to reach a verdict.

Following trial, plaintiff requested that the Court conduct a new trial on all of plaintiff's claims. Plaintiff puts forward two justifications for this request. First, plaintiff argues that the Court made improper, biased comments regarding his evidence. Second, plaintiff argues that even though the jury entered a special verdict finding against him with respect to several claims, a new trial on all of his claims should be held due to the jury's inability to agree on his unlawful pat-down claim.

While a new trial must be held regarding the claim left unresolved by the special verdict, the Court DENIES plaintiff's request to hold a new trial regarding any other claims, for the reasons given below.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (PJWx) | Date | May 21, 2013 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL | | |

## II.   ALLEGED JUDICIAL MISCONDUCT

Plaintiff argues that a new trial is necessary due to comments made by the Court during plaintiff's presentation of evidence. During trial, plaintiff sought to introduce evidence that an August 2008 traffic ticket he purportedly received for expired registration was dismissed. While plaintiff's claims in the instant action all arose out of a traffic stop where he also received a ticket for an expired registration, none of plaintiff's claims directly arose out of the August 2008 ticket. When plaintiff evinced intent to introduce evidence concerning the August 2008 ticket, the Court directed plaintiff not to introduce the evidence, stating "[y]ou don't want to go there. It is in your best interest not to go there." Plaintiff argues that these comments were improper because they were not neutral, implied wrongdoing on the part of plaintiff, and implied that information was being withheld from the jury.

Alleged judicial misconduct only warrants a new trial if the conduct made the trial unfair. Handgards, Inc. v. Ethicon, Inc., 743 F.2d 1282, 1289 (9th Cir. 1984). When a party challenges comments made by a judge during trial or other judicial participation, then, an important first principle is that "[a]ctive participation by a district judge in trial proceedings . . . is in itself neither improper nor unfair." Desjardins v. Van Burden Community Hosp.; 969 F.2d 1280, 1281 (1st Cir. 1992). Judges may comment upon evidence, and also have "the responsibility to oversee the conduct of a trial so that it moves expeditiously." Id. Accordingly, comments made by a judge only provide grounds for a new trial when the judge's participation reflects bias. Markovich v. Bell Helicopter Textron, Inc., 805 F. Supp. 1231, 1240 (E.D. Pa. 1992) ("In order to be entitled to a new trial, the plaintiffs must demonstrate that the court's comments became so one sided as to become advocacy."); Maheu v. Hughes Tool Co., 569 F.2d 459, 472 (9th Cir. 1977) ("We have no choice but to reverse the judgment on the ground that the trial court's one-sided characterization of [a witness's testimony] came close to directing a verdict. . ."). Additionally, to warrant a new trial, a court must find "that a party was so seriously prejudiced as to be deprived of a fair trial." Aggarwal v. Ponce School of Medicine, 837 F.2d 17, 22 (1st Cir. 1988).

Plaintiff has not pointed to conduct that meets this high standard. The Court's comments in no way suggested that plaintiff had engaged in misconduct, nor did they suggest that the Court believed a verdict in plaintiff's favor would be wrong or improper.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (PJWx) | Date | May 21, 2013 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL | | |

Instead, they merely reflected the Court's purpose of controlling the evidence introduced at trial in order to discharge its responsibility to "oversee the conduct of a trial so that it moves expeditiously." Desjardins, 969 F.2d at 1281. The Court's comments therefore did not exhibit bias, and were within the Court's power to participate in the trial. Plaintiff's request for a new trial due to judicial misconduct is therefore denied.

## III.   SPECIAL VERDICT

Plaintiff argues that because the special verdict was not complete, it should not be given any effect, and a new trial should be ordered on all of plaintiff's claims. This argument is inconsistent with applicable law. "If a jury fails to answer all the questions submitted in a special verdict, the verdict may be accepted for those issues that are resolved." Simms v. Village of Albion, N.Y., 115 F.3d 1098, 1105 (2d. Cir. 1997); see also Bristol Steel & Iron Works v. Bethlehem Steel Corp., 41 F.3d 182, 190 (4th Cir. 1994) ("The courts have recognized that partially completed special verdict forms are sufficient, provided that the answered questions support the verdict and the unanswered questions, if answered in favor of the nonprevailing party, would not render the judgment erroneous."). The fact that the jury failed to reach agreement on all questions presented in the special verdict therefore does not invalidate the verdict with respect to the questions on which the jury reached agreement. There is nothing irrational or contradictory about finding in favor of defendant with respect to all issues except for the pat-down, because the question of whether Ochoa actually conducted an unlawful pat-down search of plaintiff is logically independent from the other factual and legal issues resolved by the special verdict.

In situations such as the this, where a special verdict resolves several issues in a case but fails to resolve a "distinct and separable" issue, the proper course of action is to order retrial of the unresolved issue. Meadows v. State University of New York as Oswego, 160 F.R.D. 8, 13 (N.D. N.Y. 1995); 9B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 2505 Discretion of the Court in the Use of Special Verdicts (3d. Ed. Updated April 2013). The Court will therefore conduct a retrial limited in scope to plaintiff's claim that he was subjected to an unlawful pat-down search, but will enter judgment in conformity with the special verdict with respect to all of plaintiff's other claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (PJWx) | Date | May 21, 2013 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL | | |

## IV.  CONCLUSION

In accordance with the foregoing, plaintiff's request for a new trial on all of his claims is DENIED.  The Court will hold a new trial limited to the issue of whether plaintiff was subjected to an unlawful pat-down search by defendant.

IT IS SO ORDERED.

|  |  | 00 | : | 00 |
|---|---|---|---|---|
|  | Initials of Preparer | | CMJ | |