UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | | Date | October 7, 2013 |
|---|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL. | | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| MONICA SALCIDO | LAURA ELIAS | | N/A |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants | |
| B. BENEDICT WATERS, PRO SE | | NO APPEARANCES | |

**Proceedings:** PLAINTIFF'S MOTION FOR RECONSIDERATION OF MOTION FOR NEW TRIAL (Docket #270, filed September 5, 2013); PLAINTIFF'S REQUEST FOR CLARIFICATION (Docket #268, filed September 5, 2013)

## I.   INTRODUCTION & BACKGROUND

Plaintiff filed the instant action in this Court on July 19, 2010, and following several pretrial motions, the only claims remaining in this case are claims under 42 U.S.C. § 1983 against Officer Ciro Ochoa of the Los Angeles Police Department. The Court held a jury trial on plaintiff's claims beginning on April 30, 2013, and on May 7, 2013, the jury returned a special verdict. Dkt. #258. The verdict found against plaintiff with respect to all of his claims, with the exception of plaintiff's claim that Ochoa unlawfully conducted a pat-down search of plaintiff after subjecting him to a traffic stop. Id. Regarding the latter claim, the jury was unable to reach a verdict. A new trial is scheduled in early 2014 for that claim.

Following trial, plaintiff requested that the Court conduct a new trial on all of his claims. By order dated May 21, 2013, the Court denied plaintiff's motion. Dkt. #259. On September 5, 2013, plaintiff filed a motion for reconsideration. Dkt. #270. Plaintiff also filed a request for clarification on the same date. Dkt. #268. No opposition has been filed for either of the motion or the request. The Court held a hearing on October 7, 2013. After considering plaintiff's arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL. | | |

## II.  LEGAL STANDARD

Local Rule 7-18 sets forth the bases upon which the Court may reconsider the decision on any motion:

> A motion for reconsideration of the decision on any motion may be made only on the grounds of: (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.  No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

C.D. Cal. L.R. 7-18.

## III.  ANALYSIS

### A.  Judicial Misconduct and the Special Verdict

In his motion for a new trial, plaintiff argued that a new trial was necessary due to comments made by the Court during plaintiff's presentation of evidence.  Plaintiff also argued that the jury did not completely fill in the special verdict form, and therefore the form should be given no effect.  The Court rejected both of these arguments in its prior order.  Dkt. #259.  In his motion for reconsideration, plaintiff does not appear to raise any new legal or factual bases for these arguments, or demonstrate a failure by the Court to consider material facts in the consideration of his prior motion.  See C.D. Cal. L.R. 7-18.  Accordingly, the Court will deny plaintiff's motion for reconsideration as to these arguments.  See id. ("No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.")

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 10-5296 CAS (AJWx) | Date | October 7, 2013 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL. | | |

### B. Jury Instructions

Plaintiff also argues that the Court instructed the jury in a confusing manner, and failed to instruct the jury that they were entitled to disregard the entirety of a witness's testimony if they found that the witness was lying during any part of his or her testimony. Mot. Reconsideration 8-9. Plaintiff did not raise these issues in his motion for a new trial. The Court therefore declines to consider this argument for the first time on a motion for reconsideration.[1] See Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003) (stating that a motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation").

### C. Plaintiff's Motion for Clarification

In a separate motion filed concurrently with his motion for reconsideration, plaintiff requests clarification of several of the Court's remarks and evidentiary rulings, for the purpose of preparing an appeal. Mot. Clarification 5. The record on appeal consists of the original papers and exhibits filed in the district court, the transcript of proceedings, and a certified copy of the docket entries prepared by the district court clerk. Fed. R. App. P. 10(a); 9th Cir. R. 10-2. The Court declines to supplement this record with any additional materials.

### IV. CONCLUSION

In accordance with the foregoing, plaintiff's motion for reconsideration and request for clarification are DENIED.

IT IS SO ORDERED.

|  |  | 00 | : | 09 |
|---|---|---|---|---|
|  | Initials of Preparer | MS |  |  |

---

[1] Even if the Court were to consider the merits of plaintiff's argument regarding the Court's instructions on the credibility of witnesses, plaintiff would not prevail. The Court instructed the jury on the matter of witness credibility according to the Ninth Circuit Manual of Model Jury Instructions. See Dkt. No. 239, Jury Instructions (Given) (including Ninth Circuit Model Jury Instruction 1.11). As relevant here, the instruction on witness credibility states that a juror "may believe everything a witness says, or part of it, or none of it." Model Jury Instruction 1.11.