UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O"   JS-6 |
|---|---|---|---|
| Case No. | 2:10-cv-05296-CAS(AJWx) | Date | November 10, 2014 |
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants |
|---|---|
| Not Present | Not Present |

**Proceedings:**   (In Chambers) PLAINTIFF'S MOTION FOR JUDGMENT AS A MATTER OF LAW (Dkt. #335, filed September 26, 2014)

## I.     INTRODUCTION & BACKGROUND

Plaintiff filed the instant action in this Court on July 19, 2010. Following motion practice that disposed of several of plaintiff's claims, the Court held a jury trial on plaintiff's remaining claims beginning on April 30, 2013. On May 7, 2013, the jury returned a special verdict. Dkt. #258. The jury found against plaintiff with respect to all of his remaining claims, with the exception of plaintiff's claim that Officer Ciro Ochoa of the Los Angeles Police Department unlawfully conducted a pat-down search of plaintiff after subjecting him to a traffic stop. Id. Regarding the latter claim, the jury was unable to reach a verdict.

A new trial commenced on plaintiff's remaining claim on September 9, 2014. Dkt. #321. On September 6, 2014, the jury returned a verdict in favor of defendant Officer Ochoa, finding that Officer Ochoa did not execute a pat-down search of plaintiff and did not search plaintiff's pockets. Dkt. #332. The jury's verdict is as follows:

**QUESTION NO. 1**
Do you find by a preponderance of the evidence that Officer Ochoa executed a pat down search of plaintiff?
Yes___ No _x_

If you answered Question No. 1 "No," please proceed to Question No. 4. If you answered Question No.1 "Yes," please proceed to Question No. 2.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"  JS-6

| Case No. | 2:10-cv-05296-CAS(AJWx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL. | | |

**QUESTION NO. 2**
Do you find by a preponderance of the evidence that Officer Ochoa violated plaintiff's Fourth Amendment civil rights by executing a pat down search of plaintiff's person?
Yes__ No__

If you answered Question No. 2 "Yes," please proceed to Question No. 3. If you answered Question No. 2 "No," please proceed to Question No. 4.

**QUESTION NO. 3**
If you find that Officer Ochoa violated the plaintiff's civil rights when he conducted a pat down search of plaintiff, was the conduct malicious, oppressive, or in reckless disregard of plaintiff's constitutional rights.
Yes__ No__

**QUESTION NO. 4**
Do you find by a preponderance of the evidence that Officer Ochoa serached plaintiff's pockets?
Yes__ No _x_

If you answered Question No. 4 "No," please do not answer the remaining questions and sign and date the verdict form. If you answered Question No. 4 "Yes," please proceed to Question No. 5.

**QUESTION NO. 5**
If you answered question No. 4 "Yes," was that conduct malicious, oppressive, or in reckless disregard of plaintiff's constitutional rights?
Yes__ No__

If you answered Question Nos. 2 or 4 "Yes," please proceed to Question No. 6. If you answered Question Nos. 2 and 4 "No," please do not answer the remaining question and sign and date the verdict form.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　"O"　JS-6

| Case No. | 2:10-cv-05296-CAS(AJWx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL. | | |

**QUESTION NO. 6**
What is the amount of damages, if any, that plaintiff incurred as a result of defendant's conduct?

Damages: $_____

　　　Upon the close of evidence in the September 2014 trial, both plaintiff and defendant moved the Court for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a). The Court took the parties' respective motions under submission. As noted, the jury subsequently returned a verdict in favor of Officer Ochoa, rendering his Rule 50(a) motion moot. Rather than hear plaintiff's Rule 50(a) motion immediately following the return of the verdict, the Court granted plaintiff leave to submit written points and authorities in support of his motion.

　　　On September 26, 2014, plaintiff filed briefing in support of his Rule 50(a) motion. Dkt. #335. Defendant filed an opposition on October 21, 2014, dkt. #337, and plaintiff replied on November 5, 2014, dkt. #338. Having considered the parties' arguments, the Court finds and concludes as follows.

**II.　LEGAL STANDARD**

　　　Judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue . . . ." Fed. R. Civ. P. 50(a)(1); see also Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 139, 149 (2000). If the court does not grant a motion for judgment as a matter of law pursuant to Rule 50(a), a party may file a renewed motion for judgment as a matter of law after the trial. Fed.R.Civ.P. 50(b). It is well-settled that the standard for judgment as a matter of law is the same as the standard for summary judgment. Reeves, 530 U.S. at 150 (citing Anderson v. Liberty Lobby, Inc., 447 U.S. 242, 250–52 (1986)).

　　　Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the initial burden of identifying relevant portions of the record that demonstrate the absence of a fact or facts necessary for one or

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  "O"  JS-6

| Case No. | 2:10-cv-05296-CAS(AJWx) | Date | November 10, 2014 |
|---|---|---|---|
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL. | | |

more essential elements of each cause of action upon which the moving party seeks judgment.  See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

If the moving party has sustained its burden, the nonmoving party must then identify specific facts, drawn from materials on file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested.  See Fed. R. Civ. P. 56(c).  The nonmoving party must not simply rely on the pleadings and must do more than make "conclusory allegations [in] an affidavit." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871, 888 (1990); see also Celotex Corp., 477 U.S. at 324.  Summary judgment must be granted for the moving party if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Id. at 322; see also Abromson v. Am. Pac. Corp., 114 F.3d 898, 902 (9th Cir.1997).

In light of the facts presented by the nonmoving party, along with any undisputed facts, the Court must decide whether the moving party is entitled to judgment as a matter of law.  See T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 & n. 3 (9th Cir.1987).  When deciding a motion for summary judgment, "the inferences to be drawn from the underlying facts ... must be viewed in the light most favorable to the party opposing the motion." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (citation omitted); Valley Nat'l Bank of Ariz. v. A.E. Rouse & Co., 121 F.3d 1332, 1335 (9th Cir.1997); see also Berry v. Bunnell, 39 F.3d 1056, 1057 (9th Cir.1994) (articulating the same standard in the context of a directed verdict).  Summary judgment for the moving party is proper when a rational trier of fact would not be able to find for the nonmoving party on the claims at issue.  See Matsushita, 475 U.S. at 587.

In a motion for summary judgment, a court must review the record "taken as a whole." Matsushita, 475 U.S. at 587.  Similarly, in entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record.  Reeves, 530 U.S. at 150. In so doing, however, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.  Id. (citations omitted); see also Berry, 39 F.3d at 1057.  "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Anderson, 447 U.S. at 255.  Thus, although the court should review the record as a whole, it must disregard all

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | "O"   JS-6 |
|---|---|---|---|
| Case No. | 2:10-cv-05296-CAS(AJWx) | Date | November 10, 2014 |
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL. | | |

evidence favorable to the moving party that the jury is not required to believe. <u>Reeves</u>, 530 U.S. at 151 (citing 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529 at 299 (2d ed.1995)). In other words, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses." <u>Reeves</u>, 530 U.S. at 151 (citing Wright & Miller, <u>supra</u>, at 300).

### III.   ANALYSIS

Plaintiff's motion appears to be based on the assertion that this Court erred in denying plaintiff's February 4, 2014 motion in limine, in which plaintiff sought to preclude evidence or argument from defendant as to whether the taillight on plaintiff's car was broken at the time that defendant initiated a traffic stop of plaintiff's car. The Court denied plaintiff's motion in limine by order dated March 4, 2014. Dkt. #280. In so doing, the Court explained:

> According to plaintiff, defendant should be estopped in the present case from arguing that the taillight was broken because plaintiff was previously found not guilty in a trial regarding a traffic citation issued to plaintiff due to the broken taillight. Therefore, plaintiff argues, the government, and, by extension, defendant, should be estopped in the present case from contending that the taillight was broken because this issue was actually litigated and necessarily decided in plaintiff's favor in the trial of the traffic citation.
>
> The Court finds this argument unpersuasive. The special verdict form shows that the jury found against plaintiff on the issue of whether the initial traffic stop violated plaintiff's Fourth and Fourteenth Amendment rights. <u>See</u> dkt. #258 at 3. Plaintiff was only granted a new trial in this matter as to his claim that the subsequent pat-down search violated his Fourth Amendment rights. <u>See</u> dkt. #259. Whether or not plaintiff had a broken taillight is relevant only to the issue of whether the initial traffic stop violated plaintiff's constitutional rights, and not to the issue of whether plaintiff was subjected to an unlawful pat-down search. Accordingly, plaintiff's motion is hereby

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | "O"  JS-6 |
|---|---|---|---|
| Case No. | 2:10-cv-05296-CAS(AJWx) | Date | November 10, 2014 |
| Title | B. BENEDICT WATERS V. HOWARD SOMMERS TOWING, INC., ET AL. | | |

DENIED as moot because it pertains to matters that are not the subject of the upcoming trial.

Id. at 8.

On July 14, 2014, plaintiff effectively filed a motion for reconsideration of the Court's March 4, 2014 order. Dkt. #294. By order dated August 14, 2014, the Court denied plaintiff's motion for reconsideration, finding that plaintiff had not set forth the additional law or facts required to justify reconsideration. Dkt. #304.

Though styled as a Rule 50(a) motion, plaintiff essentially asks the Court to once again reconsider the denial of his motion in limine. See, e.g. Pl's Mot. at 5 ("Plaintiff is entitled, as a matter of law, that the jury be instructed that following a trial in the California Superior Court Ochoa's purported reason for the traffic stop was pretext . . . ). In light of this, the Court DENIES plaintiff's motion for judgment as a matter of law.

## IV. CONCLUSION

In accordance with the foregoing, the Court DENIES plaintiff's motion for judgment as a matter of law.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |